Pullen *v.* Hutchinson.

---

## GILBERT PULLEN *versus* ASA HUTCHINSON, JR.

A declaration so defective, that it would exhibit no sufficient cause of action, may be cured by an amendment, without introducing any new cause of action. The intended cause of action, when defectively set forth, may be as clearly perceived and distinguished from another cause of action, as it would be, if the declaration had been perfect.

In an action founded on Rev. Stat. c. 148, § 49, against one alleged to have aided the debtor in a fraudulent concealment of his property, if the plaintiff would give in evidence a bill of sale of goods from the debtor to the defendant, it does not fall within any exception to the general rule, that instruments in writing should be proved by the attesting witness, if the testimony of such witness can be had.

A written instrument, not attested by a subscribing witness, is sufficiently proved to authorize its introduction, by competent proof that the signature of the person whose name is undersigned, is genuine. The party producing it is not required to proceed further, upon a mere suggestion of false date when there are no indications of falsity upon the paper, and prove that it was actually made on the day of its date.

All transfers of property made with an intention to defraud creditors, are void as it respects creditors, whether then existing or becoming such subsequently. But a subsequent creditor cannot maintain an action to recover the penalty given by Rev. Stat. c. 148, § 49, against " any person who shall knowingly aid and assist any debtor or prisoner in any fraudulent concealment or transfer of his property, to secure the same from creditors."

EXCEPTIONS from the Middle District Court, REDINGTON J. presiding.

This was a special action on the case, founded upon the 49th section of Rev. Stat. c. 148, "Of the relief of poor debtors," charging the defendant with knowingly aiding Charity Vance in the fraudulent transfer of her property to him in order to secure the same from her creditors.

With respect to the amendments, the bill of exceptions does not state what they were; but merely states that one was allowed after issue joined, and referred to the different counts in the writ. The copies of the case do not show what they were. The other points, considered by the Court, are given in the opinion, in the precise language of the exceptions, and need not be repeated.

The jury found specially on several points, and among the rest, that "it was with a view to defraud creditors generally, subsequent creditors as well as others, that the transfers were made."

The defendant filed exceptions to the rulings and instructions of the presiding Judge.

*Wells* and *Morrill*, for the defendant, contended that the amendment should not have been allowed. There was no allegation in the original declaration, that the plaintiff was a creditor of Charity Vance, at the time of the alleged concealment of the property. The Judge allowed the insertion of this allegation, after issue joined, thus introducing a new cause of action, when before there was none.

The rule for the proof of instruments having an attesting witness is, that the attesting witness is to be called, when he is to be had. And this rule applies, whether the question be between the parties to the instrument, or strangers, or whether the instrument be the foundation of the action or collateral. 1 Stark. Ev. 331 and note; 2 Wend. 575; 1 Greenl. 61, note. The ruling on this point, therefore, was erroneous.

The novel doctrine, that in order to give a note of hand in evidence, it is necessary not only to prove the genuineness of the signatures, but also that it was actually made at the time of its date, is too clearly erroneous to require comment.

The principal question is, whether the ruling of the Judge was right, in saying that the Rev. Stat. c. 148, § 49, embraced subsequent creditors. We contend, that it does not.

The bill of sale of the property bears date Aug. 30, 1842. Mrs. Vance was at that time indebted to the defendant, but to no one else. If any offence was committed, it must have been at the time of the sale, Aug. 30, 1842. The offence could not be in abeyance, awaiting upon some future action to render it complete. The law was violated on that day, or at no time. The plaintiff's debt was not contracted until long afterwards, Oct. 25, 1843. At the time of the sale, there was no offence committed, as Mrs. Vance then had no creditors to be defrauded. If fourteen months are to elapse before the character of an act is to be changed from an innocent to a highly penal one, how many years may pass before a man shall know, whether an act of his be innocent or criminal?

By the terms of the statute it is the *debtor* or *prisoner*, who is to be aided in the fraudulent concealment of his property from his *creditors*; and the creditors are then existing ones, and not such as may become so years afterwards.

The arguments on the points not noticed in the opinion of the Court are omitted.

*Vose*, for the plaintiff, contended that the amendments were wholly unnecessary and immaterial; and therefore, that whether they were properly or improperly allowed, there was no cause for a new trial. But no new cause of action was introduced, and it was a mere discretionary act of the Judge, which cannot be reviewed here by exceptions. 13 Maine R. 307; 14 Maine R. 395; 18 Maine R. 289; 23 Maine R. 221.

The object in introducing the bills of sale was not to establish a title in either party to the property, but to prove an act done. It was not a contract, or instrument between these parties; and falls within the principle of *Ayers* v. *Hewett*, 19 Maine R. 281, that proof by the subscribing witness is not required, if the instrument is *inter alios*.

The best evidence is always to be introduced; and if Mrs. Vance actually owed a sum of money to the defendant at the

time the note bears date, her testimony, that the fact was so, was better evidence, than the mere production of the note. She was a competent witness, and the defendant was bound to have called her to show, that the note was then given, and for an actual debt.

The statute, c. 148, § 49, applies to subsequent, as well as prior creditors of a debtor, keeping his property out of the reach of his creditors for the purpose of defrauding them; and to the person so aiding him in that object. And the Judge, therefore, rightly instructed the jury, that if the defendant received the conveyance with the purpose of defrauding subsequent creditors, he would be liable.

The language of the statute is general, and applies to creditors generally, whether the debts were contracted before or after the fraudulent conveyance. The jury have found, that the sale was made, and received by the defendant, for the purpose of defrauding subsequent as well as prior creditors. Under this statute the same rule applies as in case of voluntary conveyances, in general, made to defraud creditors. These are void as to subsequent as well as prior creditors. 1 Atk. 94 ; 2 Atk. 60 ; Comyn's Dig. Covin, B 2. The case, *Clark* v. *French,* 23 Maine R. 221, was considered as directly in point.

The opinion of the Court was drawn up by

SHEPLEY J. — This is an action on the case, founded upon the statute, c. 148, § 49. The counsel for the defendant contend, that certain amendments of the declaration should not have been permitted. A declaration so defective, that it would exhibit no sufficient cause of action, may be cured by an amendment without introducing any new cause of action. This is often the very purpose of the law authorizing amendments. The intended cause of action, when defectively set forth, may be as clearly perceived and distinguished from another cause of action, as it would be, if the declaration had been perfect.

The cause of action in this case, first alleged, appears to have been the violation of the statute, by aiding and assisting

Charity Vance in the fraudulent transfer or concealment of her property, to secure the same from her creditors. The amendments appear to have set forth that cause of action more perfectly, without introducing any new cause of action; and they might properly be allowed by the District Judge, in the exercise of his judicial discretion.

The next cause of complaint is, that two bills of sale of furniture, one made by Charity Vance to the defendant, and the other by the defendant to her, were allowed to be introduced in evidence without proof of their execution by the attesting witness.

The general rule is, as was stated in *Ayers* v. *Hewett,* 19 Maine R. 281, that instruments in writing should be proved by the attesting witness. It was also stated in that case, that it did " not extend so far as to require every such instrument which may incidentally and collaterally be introduced, to be so proved." In that case the instrument introduced was not signed by either party; nor did either party claim any thing by virtue of it. While its admission under such circumstances was authorized, the opinion declared, if the instrument " be the foundation of a party's claim, or if he be privy to it, or if it purport to be executed by his adversary, there may be good reason for holding him to strict proof of its execution. One of the bills of sale admitted in this case purported to have been signed by the adverse party; and by the other it was alleged, that a fraudulent transfer of property had been made to him. It does not appear how the latter came to the possession of the plaintiff, who introduced it. If the defendant had produced it on notice given, after having taken a beneficial interest under it, that bill of sale might have been received without such proof. *Orr* v. *Morice,* 3 Brod. & Bing. 139. But no sufficient reason is presented to authorize a departure from the general rule.

The exceptions also state, that the defendant offered in evidence a promissory note, purporting to be made in March, 1843, by Charity Vance, and payable to himself, for the sum of $71,72; and a letter addressed to him and signed by her,

bearing date in June, 1842. That an objection was made to their introduction, " till it should be shown, that they were in fact made at their dates, or prior to the coming on of this trial. They were rejected." A written instrument, not attested by a subscribing witness, is sufficiently proved to authorize its introduction by competent proof, that the signature of the person, whose name is undersigned, is genuine. The party producing it is not required to proceed further upon a mere suggestion of a false date, when there are no indications of falsity found upon the paper, and prove, that it was actually made on the day of the date. After proof that the signature is genuine, the law presumes, that the instrument in all its parts is genuine, also, when there are no indications to be found upon it to rebut such a presumption. The letter might not have been legally admissible, if the objection had been properly taken.

It is stated in the exceptions, that the debt due to the plaintiff from Charity Vance accrued October 25, 1843 ; that she conveyed certain household furniture to him by bill of sale, on August 30, 1842 ; that he reconveyed the same to her by bill of sale on December 19, 1843 ; and that " at the time of making the bill of sale, Charity was indebted to defendant on account and on a note, which was read. But there was no proof, that she then owed any other person." And also that " the Court instructed the jury, if the conveyance of it was received by the defendant with the purpose of defrauding subsequent creditors, the objection, that the plaintiff was but a subsequent creditor, could not avail."

All transfers of property made with an intention to defraud creditors, are void, as it respects creditors, whether then existing or becoming such subsequently. It does not, however, follow, that the section of the statute, on which this action is founded, was intended to make every person, who should knowingly aid or assist in making such a transfer, liable for double the amount of the property so transferred. The description of persons, who may be so assisted or aided as to occasion the statute forfeiture, must be ascertained from the

words of the statute. Those words are "any person, who shall knowingly aid or assist any *debtor* or *prisoner*," in such a manner as to violate its provisions, shall incur the forfeiture. A person by assisting another, who had then no creditors, to transfer or conceal his property to enable him to avoid the payment of debts to be contracted, might be morally as guilty, as he would be by assisting him to defraud existing creditors; and both might be liable to the charge of a conspiracy with intent to defraud; and yet the statute forfeiture not be incurred, because the statute has not extended that punishment to all cases, in which one person may aid or assist another in making transfers of his property, in fraud of the rights of creditors. The defendant in this case might perhaps have been guilty of assisting Charity Vance, in the concealment of her property, after she became a debtor to others, by detaining her property and claiming it as his own, although he had received it by a fraudulent transfer before she became such a debtor. But the instructions appear to have been applicable only to a transfer by the bill of sale; and could not be justified, unless the statute was designed more effectually to prevent all fraudulent transfers of property. It was originally introduced in an act for the relief of poor debtors, and to prevent debtors or prisoners from making fraudulent transfers of their property, to secure or conceal it from their creditors; and to punish those, who should aid or assist them in it. To make the provision general and applicable to all fraudulent transfers, the statute must receive the same construction, as it would have, if the words, any other person, were substituted for the words, any debtor or prisoner. Such a construction would not be authorized by the language, or by the connexion, in which it was first introduced, or by that, in which it is now found.

Several other points have been presented, which may not arise on a trial, and it is not necessary to enter upon their consideration.

*Exceptions sustained,*
*and a new trial granted.*