MAINE CENTRAL INSTITUTE *vs.* OREN S. HASKELL and another, Executors of Going Hathorn.

| 71 | 487 |
| 95 | 133 |

Somerset. Opinion December 6, 1880.

*Actions against executors. Notice of claim and demand of payment. Declaration. Demurrer. Amendment.*

In an action against executors the declaration should contain a proper averment that the claim was presented in writing to the defendants, executors, and payment demanded, thirty days or more before the action was commenced. An averment that notice of the claim was given in writing is not sufficient.

It is essential to the maintenance of an action against executors to aver and prove what the law (stat. 1872, c. 85,) requires, and the want of such averments constitutes substantial defects, and advantage may be taken of them by a general demurrer.

Such defects may be amended, but the presiding judge has no power to grant leave to amend after the filing of a demurrer and before joinder; after ruling, however, and before allowing exceptions he has the same power as the full court to allow the plaintiff to amend or the defendant to plead anew.

ON REPORT.

An action against the executors of the last will and testament of Going Hathorn, to recover the amount of a subscription made by the testator to the building fund of the Maine Central Institute. The only averment in the declaration of notice of the claim and demand of payment, is as follows:

"And the plaintiffs aver . . . . that more than one year, and not exceeding two years, have elapsed since the appointment of said defendants as executors aforesaid, and that more than thirty days have elapsed since said plaintiffs gave notice in writing to said executors of the claim aforesaid, and that notice was so given in writing by said plaintiffs, to said defendants, on the fourth day of March, A. D. 1877, of the claim aforesaid."

The writ was dated April 30, 1877, and entered at the September term, 1877. At the March term, 1880, the defendants filed a general demurrer. After the demurrer was filed and before joinder the plaintiffs asked leave to make the following amendments:

(Amendments.)

"Supreme Judicial Court, Somerset county, March term, 1880. And now the plaintiffs move to amend the first and second counts in their writ by adding at the end of each, the words, 'and the plaintiffs aver that said claim was presented in writing to said defendants, executors as aforesaid, and payment thereof demanded, on the fourth day of March, A. D. 1879, which was more than thirty days before the commencement of said action, and that more than one year and less than two years have elapsed since notice of defendants' appointment as executors was given by them.'

By their attorneys, *Strout & Gage.*"

The remaining facts appear in the opinion.

*S. C. Strout, & H. W. Gage,* for the plaintiffs.

The objections to the declaration are raised only by general demurrer.

All objections to the form of pleading must be by special demurrer. This demurrer being general, the defects, if any, to be considered, are only those of substance. Chitty on Pleadings, vol. 1, 9th Am. ed. 662; *Neal* v. *Hanson,* 60 Maine, 86. It is well settled that a demurrer to a declaration containing several counts cannot be sustained, if any one of such counts is good. And if the third count in the writ, which is more full and specific than the others, is good, the sufficiency of the others is immaterial.

The allegations of notice, required by statute of 1872, c. 85, § 12, are, we think, sufficient. The time of the presentment of the claim, in writing, to the proper persons is stated, and that it was more than thirty days before the commencement of the action, and within two years after notice of defendants' appointment.

It is true it does not say, in so many words, that payment was demanded, but the words used are equivalent to that, its meaning is unmistakable, and the pleader here seems to have used the same language in calling it *notice* as that used by the court in speaking of the same subject matters in *Eaton* v. *Buswell,* 69 Maine, 552.

It clearly comes within the provisions of § 9 of c. 82, R. S., that no process shall abate, &c., for want of form only, when the case can be rightly understood.

Besides, here is a general demurrer only, and had the allegations been omitted altogether it would have been sufficient. Laws on Pleadings,* page 241.

But it is clear that when some allegations of notice are made, as here, it is no longer cause of general demurrer, but the objections must be assigned as cause for special demurrer. Laws on Pleadings,* pages 229 and 245 ; Chitty on Pleading,* pages 663 and 664; *Bowdell* v. *Parsons*, 10 East. 364.

We insist, therefore, that the third count is good, both in substance and form. It sets out the written promise of Hathorn, states the consideration therefor, that defendants, relying upon such promise, have expended large sums of money and been otherwise injured, and that plaintiffs gave the notice required by the statute to the defendants.

It appears that all the counts are based upon the same promise. Only one notice to the executors was required ; at a trial, proof of one would be sufficient. The law favors brevity and conciseness in pleading, and to repeat such allegation of notice at the end of each count would make the pleadings unnecessarily long, and furnish no information not already furnished to the defendants, or additional aid to the court in rightly understanding the case. And we submit that, standing as it does at the close of the declaration in the writ, it may, with propriety, and should be, treated as a general allegation, applicable alike to each count. *Vide* Chitty on Pleading, page 726.

If the declaration is held insufficient, the plaintiffs should be allowed to amend the first and second counts, as prayed for. R. S., c. 82, § 9 ; *Simpson* v. *Norton*, 45 Maine, 284 ; *Rowell* v. *Small*, 30 Maine, 30 ; *Pullen* v. *Hutchinson*, 25 Maine, 252 ; R. S., c. 82, § 19 ; *Fryeburg* v. *Brownfield*, 68 Maine, 147.

*D. D. Stewart*, for the defendants, cited : Stat. 1872, c. 85, § 12 ; *Eaton* v. *Buswell, Adm.* 69 Maine, 552 ; *Cottage Street Church* v. *Kendall*, 121 Mass. 529 ; *Mirick* v. *French*, 2 Gray, 423 ; *Farmington Academy* v. *Allen*, 14 Mass. 172 ; *Trustees*

*Bridgewater Academy* v. *Gilbert*, 2 Pick. 579; *Foxcroft Academy* v. *Favor*, 4 Greenl. 382; R. S., c. 82, § 19; *Wakefield* v. *Littlefield*, 52 Maine, 22; *Crocker* v. *Craig*, 46 Maine, 327; *Hathorn* v. *Towle*, 46 Maine, 302; *Fryeburg* v. *Brownfield*, 68 Maine, 147.

SYMONDS, J.   We think there is no defect in the manner of setting forth the consideration for the promises alleged in the declaration, such as to render either of the counts bad upon general demurrer.   There is the averment in each of a good and sufficient, or a valuable consideration, in general terms; while in the second and third, the allegations of the expenditure of money upon the faith of the promises are such as to show a consideration for them, at least to the extent of the testator's proportion of the expense incurred.   There is no defect in the substance of the pleading on the matter of consideration.

But the three counts are all defective for want of a proper averment that the claim was presented in writing to the defendants, executors, and payment demanded, thirty days or more before action brought, as required by the laws of 1872, c. 85. In the first two counts there is no averment about it; in the third, one that is substantially defective and insufficient.   The statute requires that the claim be presented in writing.   The declaration avers only that notice of the claim was given in writing.   Written notice of a claim is not necessarily the same in substance as a presentment of the claim in writing.   The one might be equivalent to the other, or might not; depending upon the terms of the notice.   But the fault in the count is that it avers neither a presentation of the claim in writing nor what, upon reasonable construction, is necessarily equivalent.   Nor does the count allege demand of payment.

It is essential to the maintenance of the action against the executors to aver and prove what the law of 1872 requires.   The defects are substantial and advantage may be taken of them by a general demurrer.

The right of the plaintiffs to amend, and the terms, are defined by the statute.   R. S., c. 82, § 19.   The presiding judge had no power to grant leave to amend before joinder in demurrer;

but after ruling and before allowing exceptions he had "the same power as the full court to allow the plaintiff to amend or the defendant to plead anew." Under another clause the right of the defendant to plead anew is limited to cases where the demurrer to the declaration is filed at the first term. In the present instance, the *pro forma* ruling having been against the demurrer, there was no occasion then for the plaintiff to amend. If the case were before us simply upon exceptions to that ruling, and the exceptions were sustained and the declaration adjudged defective, it would then be for the judge at *Nisi Prius*, after the case was remanded, upon proper motion, to rule in the first instance whether the declaration was amendable or not;—that question not being before this court upon a mere exception to the overruling, or to the sustaining, of the demurrer. In such case, if the declaration was amendable, "the plaintiff may [might] amend upon payment of costs from the time when the demurrer was filed."

But here the parties have stipulated that the law court shall "determine whether the amendment asked by the plaintiff can be allowed if the declaration is held insufficient, and if so, upon what terms."

We think the declaration is amendable in the respect indicated, the amendment is a proper one, and in such case the statute gives the plaintiffs the right to amend on payment of costs from the time of filing the demurrer.

*Declaration defective. Amendment
allowed on terms.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and PETERS, JJ., concurred.