## MARY M. SHOREY *vs.* JOHN D. CHANDLER.

### Kennebec. Opinion June 18, 1888.

*Pleadings. Allegation of time. Amendments. Practice.*

When the allegation of time, is stated in a declaration, as "on divers days and times between" two given dates, the writ will be adjudged bad on general demurrer.

An amendment to a declaration cannot be allowed, except upon payment of costs, when exceptions have been taken to the overruling of a general demurrer, until the exceptions have been passed upon by the law court.

ON exceptions from the superior court. The exceptions were to the ruling of the court in overruling a general demurrer to the declaration.

The point is stated in the opinion.

*Edmund F. Webb and Appleton Webb*, for plaintiff.

This action is based upon section forty-nine of chapter twenty-seven of the Revised Statutes as follows :

"Every wife, child, parent, guardian, husband or other person, · who is injured in person, property, means of support or otherwise, by any intoxicated person, or by reason of the intoxication of any person, has a right of action in his own name against any one, who by selling or giving any intoxicating liquors, or otherwise, has caused or contributed to the intoxication of such person, and in such action the plaintiff may recover both actual and exemplary damages."

The demurrer being general, we are unable to anticipate what position or points the defendants may raise. We suggest, however, that under a general demurrer he cannot attack the first count in the writ, because it is defective in form. We refer to *Mahan* v. *Sutherland et als.* 73 Maine, 158. In that case, the demurrer was special and related to the form of the writ. APPLETON, C. J., says on p. 161 : "A special demurrer as to formal defects not specially assigned, is to be regarded as a general demurrer." And cites *Tucker* v. *Randall*, 2 Mass. 283.

In *Bryant* v. *Tidgewell et als.* 133 Mass. 86, the declaration alleged that on divers days and times between the dates specified, the defendant sold intoxicating liquors to the plaintiff's husband . . . The court held, that it was open to the plaintiff to prove sales of intoxicating liquors which produced intoxication in her husband, on several occasions between the dates stated in the writ.

Upon the question of amendments counsel cited : R. S., c. 82, § § 23, 10, 13 ; *McGee et al.* v. *McCann*, 69 Maine, 79 ; *Gilmore* v. *Mathews*, 67 Maine, 517 ; *Chase* v. *Kenniston*, 76 Maine, 209 : *Heath* v. *Whidden*, 24 Maine, 383 ; *Wilson* v. *Widenham*, 51 Maine, 566 ; *Haley* v. *Hobson*, 68 Maine, 167 ; *Simpson* v. *Norton*, 45 Maine, 281 ; *Page* v. *Danforth*, 53 Maine, 174 ; *Solon* v. *Perry*, 54 Maine, 493 ; *Bean* v. *Ayers*, 67 Maine, 482 ; *Hayford* v. *Everett*, 68 Maine, 505 ; *Wyman* v. *Dorr*, 3 Maine, 183 ; *Clapp* v. *Balch, Id.* 216 ; *Foster* v. *Haines*, 13 Maine, 307 ; *Newall* v. *Hussey*, 18 Maine, 249 ;

*Carter* v. *Thompson*, 15 Maine, 464; *Bragg* v. *Greenleaf*, 14 Maine, 395; *Mathews* v. *Bowman*, 25 Maine, 157; *Kendall* v. *White*, 13 Maine, 245; *Barker* v. *Norton*, 17 Maine, 416; *McLellan* v. *Crofton*, 6 Maine, 307; *Merrill* v. *Curtis*, 57 Maine, 152; *McVicker* v. *Beedy*, 31 Maine, 313; *Pullen* v. *Hutchinson*, 25 Maine, 249; *Swanton* v. *Crooker*, 52 Maine, 415; *Lord* v. *Pierce*, 33 Maine, 350; *Towle* v. *Blake*, 38 Maine, 528; *Monroe* v. *Thomas*, 61 Maine, 581; *Goodwin* v. *Clark*, 65 Maine, 280; *Boyd* v. *Eaton*, 44 Maine, 51.

The demurrers do not relate to any matter of substance, but merely to the form, and this would not be available to the defendant, even upon special demurrer.

We refer the court to the recent case of *Place* v. *Brann*, 77 Maine, 342. And that exceptions do not lie to the exercise of the judicial discretion we refer the court to *Bolster* v. *China*, 67 Maine, 551; *Cameron* v. *Tyler*, 71 Maine, 27; *Solon* v. *Perry*, 54 Maine, 493.

We think the form of declaration stated in the first count is fully sustained in *Gilmore* v. *Mathews*, 67 Maine, 517; and in *Bryant* v. *Tidgewell*, 133 Mass. 86.

*S. S. Brown*, for the defendant, cited: Stephen's Pl. 292; 1 Chitty Pl. 257; *State* v. *Baker*, 34 Maine, 52; *Platt* v. *Jones*, 59 Maine, 232; *Denison* v. *Richardson*, 14 East. 291; *Gilmore* v. *Mathews*, 67 Maine, 520; *Cheetham* v. *Tillotson*, 5 Johnson, 430; *Peake* v. *Oldham*, Cowper Rep. 275; *Benson* v. *Swift*, 2 Mass. 50; *Kingsley* v. *Bill*, 9 Mass. 197; *Bishop* v. *Williamson*, 2 Fairfield, 495; R. S., c. 82, § 30.

PETERS, C. J. In this state the general rules of pleading are simple and certain, and should be adhered to. The law should be observed because it is the law. The toleration of constant departures from the rules soon casts them into confusion and disrepute.

No rule has been better established in this state than that requiring in declarations that the time of every traversable fact shall be named. The pleader must name some certain day, whether correctly named or not. The rule imposes no burden

or risk. It is easier to obey than it is to disobey it. Declarations omitting this certainty of allegations have been repeatedly held in this state to be bad on demurrer, the last reported case, in which previous cases are cited, being *Cole* v. *Babcock*, 78 Maine, 41. The plaintiff suggests that a special demurrer is required to point out the defect. We think a general demurrer is sufficient. The demurrer was general in the case cited, and also in most the cases there cited.

In the case at bar the declaration asserts that the defendant "did, on divers days and times between January 1, 1886, and the date of the writ," sell liquors to the plaintiff's husband, from which certain effects ensued. Now, it is clear that stating certain acts as done between two points of time many days apart, does not state any particular day on which they were done. Such a statement is no more certain than it would be to allege an act as occurring "on or about" a certain day named, or "near" such time; and such allegations have been held to be insufficient. Here is a *continuando* with nothing for it to attach to, with no day to begin with or to continue from. The acts complained of may have occurred months after January 1, 1886, the writ bearing date in May of that year. We find no fault with the allegation that the acts were done *diversis diebus et vicibus*. That mode of describing them is indispensable where the selling consists of continuous acts. It would be very difficult for a plaintiff to ascertain the details of an habitual offending so as to allege them in any other way. But the pleader should have alleged some certain day and in addition thereto the divers·days and times.

It is just as necessary to allege a day certain where a *continuando* accompanies it as where it does not. Says METCALF, J., in *Wells* v. *Commonwealth*, 12 Gray. 326: "Every indictment must precisely show a certain day and year when the alleged offense was committed. And where the alleged offense may have continuance, the time may be laid with a *continuando*; that is, it may be alleged to have been on a single day certain and also on divers other days." The same rule is common to criminal and civil proceedings. In giving an account of the

origin of the rather free mode of allegation by the use of the *continuando,* JACKSON, J., in the case of *Pierce* v. *Pickens,* 16 Mass. 472, gives very satisfactory reasons to show that exactness of day is required to be stated in such pleading. See, also, *Folger* v. *Fields,* 12 Cush. 93. The plaintiff is not aided out of the difficulty by the case of *Bryant* v. *Tidgewell,* 133 Mass. 86, relied on by him. In that case the declaration, of doubtful validity in several respects, was not objected to, and under the Massachusetts practice act, as we understand it, a declaration is not required to allege any precise day when such an act, as was in that case involved, was done. *Knapp* v. *Slocomb,* 9 Gray, 73.

The verdict being general on all the counts, and the last two differing in essential respects from the first, the error in the first count carries a taint into the verdict which requires it to be set aside. We do not examine the questions raised on demurrer to the counts added by way of amendment, inasmuch as the court below may, on proper terms, allow such a reconstruction of the first count as will be sufficient for all purposes. Besides, a trial judge has no authority to allow an amendment to a declaration, after it has been demurred to, the demurrer overruled and exceptions taken to the ruling, before the questions raised on demurrer have been decided by the full court, unless upon payment of costs.

*Exceptions sustained.*

DANFORTH, LIBBEY, EMERY, FOSTER and HASKELL, JJ., concurred.