INHABITANTS OF WELLINGTON *vs.* FORREST A. SMALL.

Piscataquis.    Opinion April 24, 1896.

*Pleading.    Tax-suit.    Declaration.    R. S., c. 6, § 175.*

In an action in the name of a town to recover taxes, it is a necessary aver-
ment that the selectmen directed in writing the action to be brought.   Good
pleading requires it to be alleged with time and place,—but the time and place
need not be proved as alleged, and are not traversable facts.   Their omis-
sion is matter of form, which can be taken advantage of on special, but not
on general demurrer.

A declaration, *held*, otherwise sufficient.

*York* v. *Goodwin*, 67 Maine, 260, affirmed.

ON EXCEPTIONS BY DEFENDANT.

This was an action of debt to recover taxes due from the defend-
ant to the town of Wellington for the years 1889, '90, '91, '92 and
1893.   The declaration contained a separate count for the taxes of
each year, and mutatis mutandis were the same.   The first count
is as follows:—" . . . for that the said Forrest A. Small on the
first day of April, A. D. 1889, at Wellington, was an inhabitant of
said town of Wellington and liable to taxation therein, and then
and there was the owner of personal property; and then and there
Isaac Hutchins, Albert Allen, and John Pease were the duly
elected and legally qualified assessors of said town of Wellington,
and the said assessors did duly and legally assess upon the poll
of the defendant, and upon the personal property of the defend-
ant, as his proportion of the town taxes and the due proportion of
the state and county taxes allotted to said town of Wellington for
the year then current, the following sums, to wit:  upon his poll
the sum of one dollar and upon his personal property the sum of
seven dollars and ninety-four cents, in all the sum of eight dollars
and ninety-four cents.   And the said assessors thereafterwards, to
wit: on the 12th day of August, A. D. 1889, did make a perfect
list thereof under their hands, and commit the same to John M.
Small, who was then and there duly elected and qualified collector
of the said town of Wellington with a warrant in due form of law,

of that date, under the hands of said assessors. And the plaintiff further avers that the payment of said tax has been duly demanded of said defendant by said collector prior to the commencement of this suit, and the municipal officers gave written directions to bring this action. Whereby, and by reason of the statute in such case made and provided, an action hath accrued to the plaintiffs to have and recover of said defendant the sum of twelve dollars and nineteen cents."

The defendant's general demurrer to the declaration having been overruled, he took exceptions.

*H. Hudson,* for plaintiff.

*D. D. Stewart,* for defendant.

Counsel argued: (1,) That the declaration should allege the whole amount of tax raised by the town, each year, as a town tax and that it was raised by vote at a meeting legally called and notified. (2,) It should allege the defendant's proportion of that amount. (3,) It should allege the amount of the state tax, and of the county tax, and the defendant's proportion of them. (4,) It should allege the whole amount of the defendant's proportion of the town, state and county taxes. (5,) That the assessment was made upon all the taxable inhabitants of the town including the defendant, each being assessed according to the just value of his property. (6,) That the assessors, naming them, were citizens of the town, elected at a meeting of the voters of the town, legally called and notified; and that said assessors were sworn previously to assessing the tax. (Dresden v. Goud, 75 Maine, 298, 299). (7,) That the whole of the taxes, thus assessed upon all the taxable inhabitants of the town, including the defendant, were committed to a collector, with the proper tax warrant; with a statement showing how the particular collector having such taxes was chosen and sworn, or otherwise authorized to act. (8,) That the selectmen of the town had in writing directed the collector to commence an action of debt in the name of the inhabitants of the town against the defendant; and that such direction was given prior to the commencement of the suit. *Orono* v. *Emery,* 86

Maine, 362; *Cape Elizabeth* v. *Boyd*, Id. 318, 319; *Gilmore* v. *Mathews*, 67 Maine, 519, 520.

Counsel also cited : *Blanchard* v. *Stearns*, 5 Met. 302 ; *Ladd* v. *Dickey*, 84 Maine, 194; *Bowler* v. *Brown*, Id. 378 ; *Lord* v. *Parker*, 83 Maine, 534 ; *Jordan* v. *Hopkins*, 85 Maine, 160.

SITTING : PETERS, C. J., FOSTER, HASKELL, WHITEHOUSE, WISWELL, STROUT, JJ.

STROUT, J. This is an action of debt to recover taxes assessed to the defendant, and comes before us on general demurrer to the declaration. It contains all the allegations that were in the writ in *York* v. *Goodwin*, 67 Maine, 260, which were held by this court to be sufficient. That decision was approved in *Vassalboro* v. *Smart*, 70 Maine, 305.

Since those decisions, an amendment of the statute provides that the mayor and treasurer of cities, or the selectmen of any town, or assessors of any plantation, to which a tax is due, "may, in writing, direct an action of debt to be commenced in the name of such city, or of the inhabitants of such town or plantation, against the party liable." Under this statute, it has been held by this court that no action can be commenced or maintained in the name of the town to recover taxes, unless its commencement is directed in writing by some one of the boards named in the statute. *Cape Elizabeth* v. *Boyd*, 86 Maine, 318.

Such written direction being necessary to the maintenance of the action, it must be alleged in the writ. It is a traversable fact, and is put in issue under the plea of the general issue. *Orono* v. *Emery*, 86 Maine, 366. Good pleading requires that it should be alleged with time and place, *Platt* v. *Jones*, 59 Maine, 240 ; but time and place need not be proved as alleged, and are not traversable facts, in any case, except in those where they are essential elements in the cause of action. *Moore* v. *Lothrop*, 75 Maine, 302. They are not such elements in this case, and need not be proved as alleged, and therefore are not traversable facts, but are matters of form. Advantage can be taken of their omission on *special* but not

on *general* demurrer.    Each count in this declaration contains the allegation that "the municipal officers gave written directions to bring this action," but no time or place is alleged.    The term municipal officers includes the selectmen.    There is enough in the declaration to make it apparent that it was the municipal officers of plaintiff town, by whom the direction was given, and that it was after the assessment of the taxes, and before suit brought.

The statute of 4 Anne, c. 16, which may be regarded as part of our common law, provided "that in all cases where any demurrer shall be joined, etc., the judges shall proceed and give judgment according as the very right of the cause and matter in law shall appear unto them, without regarding any imperfection, omission or defect in any writ, etc., declaration or other pleading, etc., except those only which the party demurring shall specially and particularly set down and express as cause of demurrer; notwithstanding that such imperfection, omission or defect, might theretofore have been taken for matter of substance. . . , . . So as sufficient matter appear in the said pleadings upon which the court may give judgment according to the very right of the cause." Under this statute it was held in *Bowdell* v. *Parsons*, 10 East, 359, that when a request to the defendant to do an act was necessary to be alleged to give the plaintiff a cause of action, and it was alleged, without time or place (there being a general venue laid in the preceding part of the declaration), the omission of time and place was matter of form, and was available only on special demurrer.

In *Briggs* v. *Nantucket Bank*, 5 Mass. 97, the court say "the venue at common law regulates the process of summoning a jury, who anciently were always returned from the vicinage; but in this commonwealth venues are of no use.    In the early days of our law they were not averred.    We hold a declaration without a venue or with a wrong one, as bad in form when specially demurred to for this cause."    See also *Parlin* v. *Macomber*, 5 Maine, 415; 1 Saunders, 337 b, note 3.

It has been uniformly held in this State, that a definite time and place must be stated in the declaration, as pertaining to the venue, and that their total absence may be taken advantage of on general

demurrer. *Shorey* v. *Chandler*, 80 Maine, 411. In this case, as in *Cole* v. *Babcock*, 78 Maine, 41, no definite time was anywhere alleged. But in the case at bar, each count contains in its commencement an allegation of a definite time and place, and also a definite time of the commitment to the collector, which by relation might be sufficient for the succeeding allegation of the written direction of the selectmen. An additional allegation of the time and place of the selectmen's act is little more than a repetition, and at best is only a matter of form rather than of substance.

The only defect in this declaration is the omission to allege a time and place when and where the selectmen gave written direction to bring the suit (time and place having been properly stated in the beginning of each count). Such omission is matter of form only, and cannot be taken advantage of on general demurrer. The entry must be,

*Exceptions overruled.*
*Demurrer overruled.*