ANNIE POMROY

*vs.*

BANGOR & AROOSTOOK RAILROAD COMPANY.

Aroostook.     Opinion June 8, 1907.

*Railroads.   Carriers of Passengers.   Care.   Ordinary Care.   Negligence.*

When the relation of passenger and common carrier of passengers exists, the law requires that the passenger should exercise such care as persons of ordinary prudence and intelligence would exercise under the same circumstances.

It is the duty of a common carrier of passengers to do all that human vigilance and foresight can, under the circumstances, considering the character and mode of conveyance, to prevent accidents to passengers.

Ordinary care under the circumstances, is the legal standard in all cases. The significance of the term "ordinary care" varies with the attendant and surrounding circumstances.   This care is to be exercised by the carrier of passengers at all times when, and at all places where the parties are in the relation of passenger and carrier, whether during transit, at the stations, upon platforms or in waiting rooms, and it applies to all matters which pertain to the business of the carrier of passengers.

In the case at bar, a short time previous to the accident whereby the plaintiff was injured, the defendant's station buildings at Sherman or Patten Junction were destroyed by fire, and on the date of the accident the defendant was engaged in rebuilding its passenger depot at said Junction, and no waiting room had been completed so as to be used by the public. On the west side of a long platform, which had been newly laid between the tracks, a car had been left for the accommodation of passengers to be temporarily used as a waiting room, and it was customary to allow passengers coming from Patten to Sherman to wait in the passenger car on which they came, until ready to take the trains going north or south.   The plaintiff, a passenger from Patten and bound north, remained in the Patten car for some time after its arrival at Patten Junction, and then, as she alleged, on attempting to alight from the car platform, and without previous notice to her the car was suddenly started and she was thrown against the edge of a platform and received bodily injuries.   The plaintiff recovered a verdict against the defendant for $3000.   *Held :*  That on the question of the defendant's liability, the evidence does not manifestly show that the verdict was wrong, but that the damages awarded were excessive and unless remittitur be made the verdict must be set aside.

VOL. CII 32

On motion by defendant.  Sustained unless remittitur be made.

Action on the case to recover damages for personal injuries sustained by the plaintiff and alleged to have been caused by the negligence of the defendant while she was alighting from a railroad car at Sherman Station or Patten Junction, so called, on the line of the defendant's railroad.

Tried at the April term, 1905, of the Supreme Judicial Court, Aroostook County.  Plea, the general issue.  Verdict for plaintiff for $3000.  The defendant then filed a general motion for a new trial.

The case appears in the opinion.

Memorandum :   One of the Justices did not sit in this case being disqualified by reason of being a stockholder in the defendant company.

*Ira G. Hersey and Shaw & Lewin,* for plaintiff.

*Powers & Archibald, F. H. Appleton and Hugh R. Chaplin,* for defendant.

SITTING :   WHITEHOUSE, STROUT, PEABODY, SPEAR, JJ.

PEABODY, J.   This was an action on the case brought by the plaintiff against the defendant company to recover damages for personal injuries alleged to have been received through the negligence of the defendant's servants while she was alighting from a railroad car at Sherman Station or Patten Junction so called, on the line of the defendant's railroad.

The jury rendered a verdict of $3000 in favor of the plaintiff.

The case is before the Law Court, on a general motion for a new trial filed by the defendant.   The propositions which the jury must have found proved are:   1.   That at the time of the accident the plaintiff was in the exercise of reasonable care:   2.   That the accident was caused by the defendant's negligence:   3.   That the damages awarded were a reasonable compensation for the injuries directly and naturally resulting from the accident.

The issues raised by the motion are :  first, whether the verdict is against law : second, whether it is manifestly against the evidence

and weight of evidence: third, whether the damages awarded by the jury are excessive. It is not in controversy that the relation of passenger and common carrier of passengers existed between the parties at the time of the accident. This is an important fact bearing upon the question of the care which the law required of the respective parties for the safety of the passenger while this relation existed. The law requires that the passenger should exercise such care as persons of ordinary prudence and intelligence would exercise under the same circumstances. The duty of the common carrier of goods is distinctly different from that of the common carrier of passengers, the former is under an implied contract to deliver the goods received for transportation safely to the consignee unless loss or injury occurs by the act of God or the public enemy, while the latter is only required to do all that human vigilance and foresight can under the circumstances considering the character and mode of conveyance, to prevent accidents to passengers. *Libby* v. *Maine Central Railroad Co.,* 85 Maine, 34 ; *Rogers* v. *Kennebec Steamboat Co.,* 86 Maine, 261 ; *Raymond* v. *Portland Railroad Co.,* 100 Maine, 529. In the last case cited we have decided that the distinctions in degrees of care such as "slight," "ordinary" or "great" is unscientific and impracticable, as the law furnishes no definition of these terms which can be applied in practice. Ordinary care under the circumstances, is the legal standard in all cases. The significance of the term "ordinary care" varies with the attendant and surrounding circumstances. This care is to be exercised by the carrier of passengers at all times when, and at all places where the parties are in relation of passenger and carrier, whether during transit, at the station, upon platforms or in waiting rooms, and it applies to all matters which pertain to the business of the carrier of passengers. *Dodge* v. *B. & B. Steamship Co.,* 148 Mass. 207 ; *Jordan* v. *N. Y. N. H. & H. Railroad Co.,* 165 Mass. 346 ; *Shannon* v. *B. & A. Railroad Co.,* 78 Maine, 52.

It appears from the facts not in controversy that a short time previous to August 8th, 1903, the date of the accident, the defendant's station buildings at Sherman or Patten Junction were destroyed by

fire, and that on this date the defendant was engaged in rebuilding the passenger depot, and no waiting room had been completed so as to be used by the public.   On the west side of the long platform, which had been newly laid between the tracks, a car had been left for the accommodation of passengers to be temporarily used as a waiting room, and it was customary to allow passengers coming from Patten to Sherman to wait in the passenger car on which they came, until ready to take the train going north to Houlton or south to Bangor.

There is conflicting evidence as to conversations between the plaintiff and conductor and baggage-master relating to the car which was used for the Patten passengers, as to whether it was in motion when she attempted to alight, and as to the direct cause and manner of her falling upon the platform.   The plaintiff testifies that the conductor told the lady passengers before the train reached the station that they could remain in the car or get out just as they chose, and said that the car would stay there until the other train came up ; that being tired of sitting in the car she thought she would go out, and was going out as carefully as she could and as she got down on the second step of the car it started quick and she was thrown on her right side against the edge of the platform next to the train ; that she had no notice that the car was going to move.   The conductor in his testimony denies that he made any announcement to the passengers in regard to the car ; the baggage-man states that in answer to the plaintiff's inquiry he told her that the car would remain in that place until the train for Houlton arrived, but would probably move around some, and would be back to the station before the arrival of the train for Bangor ; that after he gave the signal the car commenced to back up very slowly, slower than a man would naturally walk on the platform.   The baggage-master at the station says that the plaintiff was stepping off the car while in motion when she fell.   A carpenter who had charge of rebuilding the station buildings states that he saw the plaintiff rush out of the car while it was moving and fall upon the platform, that he should say she jumped.   Another carpenter states that he saw the Patten train back in and afterward saw it backing

back, and while looking at the moving train saw the plaintiff come to the door hurriedly and as she stepped or jumped from the car steps she fell on the platform.

In the absence of exceptions we are to assume that the jury were fully and correctly instructed as to the legal principles applicable to the case. The evidence of the plaintiff if substantially correct sustains prima facie the propositions that she received injuries to which no negligence on her part contributed, and that these injuries were caused by the negligence of the defendant. In the absence of notice or warning she had the right to assume that the car which was used as a temporary waiting room would remain stationary until after the arrival of the train for Houlton, and if there was occasion or necessity for moving the car the omission on the part of the servants of the company to notify a passenger would be negligence. And even if the testimony introduced by the defendant corporation is substantially correct it constitutes no such preponderance of evidence in its favor as to manifestly show that the verdict was unwarranted. The facts in the case at bar are more nearly analogous to those in *Shannon* v. *B. & A. Railroad Co.,* supra, than to those in *McDonald* v. *B. & M. Railroad Co.,* 87 Maine, 466.

The defendant's claim in support of the motion, that the damages were excessive, seems to us to have merit.

The manner of the plaintiff's fall upon the platform is described by her, and by witnesses called by the defendant, as already stated. The theory of the plaintiff is that she was thrown by a sudden movement of the car in a partially upright position and struck her side against the edge of the platform, which it is contended would account for the injuries claimed to have been sustained, and that of the defendant is that she jumped, falling on her right side lengthwise on the platform, which it is argued would make the nature of the injuries claimed improbable.

The immediate results of the fall were not sufficiently serious to attract the attention of those at the station or to prevent the plaintiff from continuing her journey to Houlton, instead of returning home by a train soon to arrive; and her statement as to the effects upon her is somewhat inconsistent with her conduct on that day, and for

several months thereafter, and is still more inconsistent with the claim that the abnormal conditions now shown to exist were caused solely by the accident.

If her injuries were indicated by all the symptoms testified to by her and her witnesses, the damages awarded were conservative, and none the less so because they may have been intensified by pre-existing disease; but there should be no confusion as to the suffering and disability naturally resulting from the accident and that to be imputed to other causes. We think it is conclusively shown by the testimony of the medical experts called both by the plaintiff and the defendant that she had been previously suffering from a complication of physical troubles which would account partially at least for the pain, nausea and nervous condition to which she is subject. It appears after careful analysis of the evidence that the jury must have estimated the damages returned by their verdict upon the assumption that the plaintiff had, previous to the accident, always been in perfect health. The testimony which tends to prove this is discredited by the results of the physical examination of the plaintiff made by professional witnesses.

While it is difficult to apportion suffering or disability as between distinct contributing causes, this is necessary when compensation is to be computed, and it should be done with a just consideration of the rights of the parties. In this case the damages awarded by the jury are clearly excessive.

> *The motion is sustained, unless the plaintiff within thirty days after the rescript is filed remits from the amount of the verdict all above $500.*