STILLMAN ARMSTRONG *vs.* BANGOR MILL SUPPLY CORPORATION.

Washington.      Opinion July 7, 1928.

*H. J. Dudley*, for plaintiff.
*William S. Cole*, for defendant.

SITTING: PHILBROOK, DUNN, BARNES, BASSETT, PATTANGALL, JJ.

PATTANGALL, J. This case comes before the Court on defendant's exceptions to the overruling of a special demurrer. So much of the declaration as is the subject of demurrer reads as follows: "In a plea of the case, for that the plaintiff on February 11th, 1927, was, and for a long time prior thereto had been, and still is engaged in the business of sawing lumber and laths at said Vanceboro; and on said February — the defendant pretend-

ing to be skilled in the work of repairing machinery, at Bangor, in the County of Penobscot, State of Maine, and in consideration that the plaintiff had then and there retained and employed the said defendant to repair a certain piece of machinery, to wit, a certain engine crank shaft, then and there used in and necessary for the said business of the plaintiff, for a certain reasonable reward to the said defendant in that behalf, to be paid by the plaintiff, the said defendant then and there undertook and faithfully promised said plaintiff to repair said crank shaft with good and proper material, and in a sound, substantial and workmanlike manner; and said defendant while pretending and undertaking as aforesaid, and not regarding his said last mentioned promise and undertaking, did carelessly and unskilfully perform its work, and did not use good and proper material, and did not perform said work in a sound substantial and workmanlike manner, but wholly refused and neglected so to do, in consequence of which the plaintiff was put to great expense, and suffered great damage," etc.

Defendant complains:

(1) That the declaration is insufficient in allegation of time;

(2) That the declaration is insufficient in allegation of place;

(3) That the declaration does not allege in what respect the machinery to be repaired was defective;

(4) That the declaration does not allege any particular material which the defendant used or failed to use which was not good and proper material;

(5) That the declaration does not allege in what respect the defendant failed to perform said work in a sound, substantial and workmanlike manner;

(6) That the declaration alleges two distinct breaches of duty, namely (a) that defendant did not use good and proper material and (b) that defendant did not perform work in a workmanlike manner, and that therefore the declaration is double.

Taking up the objections above stated in their order:

(1) It is of course true that it is necessary that all traversable facts be laid upon some particular day. "An indispensable rule of pleading requires that every traversable fact must be alleged as having occurred on some particular day, month and year." *Gilmore* v. *Matthews*, 67 Me., 517; *Platt* v. *Jones*, 59 Me., 232;

*Shorey* v. *Chandler,* 80 Me., 409; *Wellington* v. *Milliken,* 82 Me., 61. But the definite date thus fixed may be fixed by reference and if it sufficiently appears in any part of the declaration and is thereafter referred to, it need not necessarily be repeated in terms each time that it occurs. It is apparent that the date, which defendant complains is not definitely stated in the declaration and which is the important date in question, is February 11th, 1927. The declaration is sufficient on this point. Defendant's complaint in this respect is to a purely clerical error. "The intendment of the declaration is clearly discernible from the language used and that is all that the rules of pleading require. To give effect to a clerical error despite the proof that it is an error and against the true intent and meaning of the declaration as a whole would not only be repugnant to common sense but a refinement even of the theories of the old writers upon pleading." *Penley* v. *Record,* 66 Me., 414.

(2) The allegation as to place is obviously sufficient. "Then and there" plainly refers to "Bangor, in the County of Penobscot, State of Maine."

(3) The remaining alleged faults in the declaration may all be found in a form approved in 2 Chitty on Pleadings 266, Sixteenth Edition. The instant declaration is apparently based on that precedent.

This action is on a contract. Precedents relied upon by defendant, in so far as they appear to support his argument, relate to tort actions and are not applicable.

*Exceptions Overruled.*