ADRIENNE M. NADEAU, ADMX.
OF ESTATE OF EDMUND J. NADEAU
*vs.*
ROBERT N. FOGG

LYDIA N. WATIER, ADMX.
OF ESTATE OF FREDERICK WATIER
*vs.*
ROBERT N. FOGG

*Gendron & Gendron,* for plaintiffs.

*William B. Mahoney,* for defendants.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

NULTY, J.   Two cases come before this court on exceptions by the defendant to the overruling of the first cause set forth in two special demurrers filed by the defendant, said special demurrers being similar in each case.   The actions are in tort and purport to charge the defendant with negligence.   The special demurrers in each case assigned several causes of demurrer, but, according to the bill of exceptions and briefs, only one cause of special demurrer remains in each case to which the defendant's exceptions now apply.

Both actions were entered at the May Term 1949 of the Superior Court for York County and on the first day of said term the defendant filed a special demurrer in each case alleging that the declaration was vague, indefinite and uncertain and that defendant was not reasonably informed as to what he would be obliged to meet in the trial of the action in that it did not appear from said declarations

whether the plaintiffs claimed that plaintiffs' intestates were riding in the motor vehicle as guest passengers or were being transported in said motor vehicle under contracts of carriage with the defendant. The presiding justice in each case overruled the first cause of defendant's special demurrer which was set forth in the first paragraph of said special demurrer to which ruling defendant excepted. Certain other causes of demurrers to the declaration were sustained and the plaintiffs amended their declarations in both cases so that the issue now raised in both cases by the special demurrers may be said to concern the sufficiency of the form of plaintiffs' claim as stated in the declarations. The declaration in each case alleges, among other pertinent facts, that plaintiff's intestate "was riding as a passenger in a certain motor vehicle, to wit, a 1947 Plymouth sedan then being operated by its owner, Robert N. Fogg," (defendant in both cases), etc. The second paragraph of the declarations sets forth the facts with respect to a certain motor vehicle with which defendant's motor vehicle collided and its location, etc. In other paragraphs the plaintiffs set forth proper allegations of due care on the part of plaintiffs' intestates as well as specifications of the defendant's negligence and also the damages to plaintiffs' intestates. Under such a situation as described above the defendant asks this court to sustain his exceptions in each case to the overruling of his special demurrer asserting that there is sufficient uncertainty in the declaration so that it may be successfully attacked by a special demurrer such as was filed in these cases. The demurrer in the instant cases attempts to point out a particular imperfection in the declarations and under the decisions of this court when the defect in the declaration is a matter of form and not of substance it must be specially set forth. In other words, there must be special demurrers such as have been filed in these cases. See *Neal* v. *Hanson*, 60 Me. 84 at Page 86. It is the opinion of this court, however, that it does not necessarily follow that because uncertainty in a declaration may be attacked by a special de-

murrer, it necessarily is true that in all cases of alleged uncertainty a special demurrer may be filed when, as it seems to the court in these cases, a motion for particulars or specifications should and could have been filed in the Superior Court before trial. This is particularly true of the declarations in the instant cases after the allowance of the amendments which in the opinion of this court set out a cause of action. The only complaint that the defendant now has, according to his bills of exceptions and his briefs, is the failure of the plaintiffs to allege whether or not their intestates were guest passengers or were being transported under contracts of carriage with the defendant. These matters, it appears to this court, go to the proof rather than to the cause of action. They are incidental facts which the defendant could have ascertained by a motion for particulars or specifications, although it might be pertinent to add at this point that the knowledge as to whether or not the plaintiffs' intestates were passengers for hire or gratuitous passengers undoubtedly is within the knowledge of the defendant particularly in these cases since both of plaintiffs' intestates are alleged to be deceased as a result of the accident.

Under the law of this state it is the duty of the plaintiff in an action of negligence to inform the defendant of the facts upon which he relies to establish liability for the injuries alleged and a plaintiff must set out a situation sufficient in law to establish a duty of the defendant towards the plaintiff and that the act complained of was a violation of that duty. *Knowles* v. *Wolman,* 141 Me. 120; 39 A. (2nd) 666. The well established applicable principles of pleading in negligence cases have been concisely stated in *Chickering* v. *Power Company,* 118 Me. 414, 417; 108 A. 460, and again restated in *Ouellette* v. *Miller,* 134 Me. 162, 166; 183 A. 341, and also in *Estabrook* v. *Webber Motor Co.,* 137 Me. 20, 25; 15 A. (2nd) 25. In *Chickering* v. *Power Company, supra,* it is stated "actionable negligence arises from neglect to perform a legal duty. - - - - - By direct averment a pleader must

*at least state facts* from which the law will raise a duty, and show an omission of the duty with injury in consequence thereof. - - - - - Reasonable certainty in the statement of essential facts is required to the end that defendant may be informed as to what he is called upon to meet on the trial. Facts showing a legal duty, and the neglect thereof on the part of the defendant, and a resulting injury to the plaintiff, should be alleged." In the instant cases the plaintiffs allege that their intestates were passengers. The term "passenger," particularly in automobile law, signifies some person rightfully taking a passage in, without exercising control over the management of a motor vehicle as distinguished from the operator or person responsible at the time for its operation, *Blashfield, Cyclopedia of Automobile Law and Practice,* Vol. 4, Page 301, Section 2291, and it is the opinion of this court that the word "passenger" as used in both declarations indicates the relationship between the plaintiffs' intestates and the defendant and is a sufficient averment of fact so that the defendant is informed of his legal duty towards the plaintiffs and what he, the defendant, would be obliged to meet in the trial of the actions.

The legal duty of the defendant towards plaintiffs' intestates in negligence cases of this type in this jurisdiction is to use due or ordinary care under the attendant circumstances. It makes no difference what type of carriage is averred in the declaration. However, in the observance of due care differing facts necessarily change the rule of conduct of one who would perform his duty as to such care. There are no degrees of care and no degrees of negligence in this state. The significance of the term "ordinary care" varies with the attendant and surrounding circumstances. See *Avery* v. *Thompson,* 117 Me. 120 at Page 123; 103 A. 4; *Raymond* v. *Portland R. R. Co.,* 10 Me. 529; 62 A. 602; *Pomroy* v. *B & A. R. R. Co.,* 102 Me. 497; 67 A. 561; *Young* v. *Potter,* 133 Me. 104 at Page 112; 174 A. 387. In other words, the fact as to whether the plaintiffs claimed that their intestates were passengers for hire or gratuitous pas-

sengers goes to the proof rather than to the cause of action. It is an incidental fact that the defendant was entitled to know, if he wished to know it, and a fact which was, as before pointed out, a proper subject for a motion for particulars or specifications. It is not, in the opinion of this court, a fact essential to the cause of action. In the opinion of this court the declarations as amended state a good cause of action and the action of the presiding justice in overruling the special demurrers set forth in the first paragraph of said both special demurrers was correct and the mandate will be

*Exceptions overruled in both cases.*