LEO HUTCHINS
*vs.*
ALBERT E. LIBBY, EXECUTOR

Cumberland.   Opinion, March 12, 1953.

*Agger & Goffin,*
*Nathaniel W. Haskell,* for plaintiff.

*Benjamin Thompson,*
*Welch & Welch,*
*Clifford E. McGlauflin,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

WILLIAMSON, J.   This is an action of assumpsit on a count in *quantum meruit.*   The presiding justice in the Su-

perior Court sustained a general demurrer to the declaration, and the case is before us on exceptions to his ruling.

The relevant part of the declaration reads:

> "In a plea of the case for that the said deceased, in his lifetime, in consideration that the plaintiff, at his request, had done and performed certain labor and services for him, promised the plaintiff to pay him on demand so much money as he reasonably deserved to have therefor; and the plaintiff avers: (Here follow three numbered clauses in which the plaintiff sets forth in some detail the nature and extent of his claim) and the Plaintiff avers that he reasonably deserved to have therefor the sum of Nineteen Thousand Twenty Five ($19,025.00) Dollars; . . ."

The defendant urges that each numbered clause constitutes a separate count and directs his argument to defects therein. In this view the defendant is in error. There is one and only one count as set forth above. The numbered clauses neither add to nor detract from the *quantum meruit* count expressed in general terms. They are in the nature of specifications filed by the plaintiff of his own will and not by order of court on defendant's motion. See Revised Rule 11, 147 Me. 468.

For purposes of decision upon the demurrer, the count in *quantum meruit* stands alone. Accordingly it is unnecessary for us to consider objections by the defendant which relate only to the numbered clauses and not to the count.

There remain for discussion objections by the defendant on the grounds that the plaintiff has failed to allege consideration, indebtedness, time, and place.

A comparison of the count with time tested and approved forms for *quantum meruit* discloses that the only substantial difference lies in the lack of allegations of time and place in the count before us. In the forms we find the words

"at. . . ., on the. . . . day of . . . . . . . ." before the words "in consideration that the plaintiff." For forms see 1 Maine Civil Officer, 8th Ed. (1950) 209. The same form is also found in the Seventh edition (1908) page 152, of the Maine Civil Officer, and with the omission of the words "on demand" in the Second edition (1871) page 27. See also Oliver's Precedents 5th Ed. (1905) 16, 19.

The defendant gains nothing from the claimed defects from failure to allege indebtedness and consideration. The defendant has confused indebitatus assumpsit with *quantum meruit*. The difference readily appears from an examination of the forms. See 1 Maine Civil Officer, 208, 209.

We are left then with the failure to allege a definite time and place. Such averments are essential in good pleading. The declaration is defective. *Armstrong* v. *Supply Corporation,* 127 Me. 194, 142 A. 734. But have the defects been reached by a general demurrer? Are they matters of form open only on a special demurrer? The rule is stated in *Wellington* v. *Small,* 89 Me. 154, 157, 36 A. 107, 108, in these words:

> "It has been uniformly held in this State, that a definite time and place must be stated in the declaration, as pertaining to the venue, and that their total absence may be taken advantage of on general demurrer. *Shorey* v. *Chandler,* 80 Maine, 411. In this case, as in *Cole* v. *Babcock,* 78 Maine, 41, no definite time was anywhere alleged."

In *Shorey* v. *Chandler,* 80 Me. 409, 411, 15 A. 223, 224, Chief Justice Peters said:

> "In this state the general rules of pleading are simple and certain, and should be adhered to. The law should be observed because it is the law. The toleration of constant departures from the rules soon casts them into confusion and disrepute.
>
> "No rule has been better established in this state than that requiring in declarations that the time of

every traversable fact shall be named. The pleader must name some certain day, whether correctly named or not. The rule imposes no burden or risk. It is easier to obey than it is to disobey it. Declarations omitting this certainty of allegations have been repeatedly held in this state to be bad on demurrer, the last reported case, in which previous cases are cited, being *Cole* v. *Babcock*, 78 Maine, 41. The plaintiff suggests that a special demurrer is required to point out the defect. We think a general demurrer is sufficient. The demurrer was general in the case cited, and also in most the cases there cited."

The demurrer must be sustained.

It is not precisely clear what advantage the defendant gains from the demurrer. There can be no criticism of him for testing the sufficiency of the pleading. It is his right to insist that the pleading be technically correct. Of what can the plaintiff complain when it is his failure to follow the rules of good pleading that has brought about the difficulty? We may point out, however, that the defendant could have gained substantially the result he seeks through a motion for specifications or for further particulars. Upon such a motion the plaintiff could have been compelled by order of the court to set forth his case in sufficient detail for purposes of defense. *Nadeau* v. *Fogg*, 145 Me. 10, 70 A. (2nd) 730; *Sinclair* v. *Gannett, Publisher*, 148 Me. 229, 91 A. (2nd) 551.

The plaintiff may amend his declaration if it is amendable upon compliance with the provisions of the statute. R. S., Chap. 100, Sec. 38. *Maine Central Institute* v. *Haskell*, 71 Me. 487; *Page* v. *Bourgon*, 138 Me. 113, 22 A. (2nd) 577. Clearly in this case the declaration is amendable. The ultimate decision cannot rest upon the failure of the plaintiff to include in the declaration simple allegations of time and place which need not be proved as stated. The case is well within the statement of the court in *Pullen* v. *Hutchinson*, 25 Me. 249, 252, as follows:

"A declaration so defective, that it would exhibit no sufficient cause of action, may be cured by an amendment without introducing any new cause of action. This is often the very purpose of the law authorizing amendments. The intended cause of action, when defectively set forth, may be as clearly perceived and distinguished from another cause of action, as it would be, if the declaration had been perfect."

The above rule was recently quoted with approval in *Kennebunk, Kennebunkport and Wells Water District* v. *Maine Turnpike Authority,* 147 Me. 149, 154, 84 A. (2nd) 433. Other cases illustrating a liberal policy for amendment of pleadings are *Mansfield* v. *Goodhue,* 142 Me. 380, 53 A. (2nd) 264; *Bartlett* v. *Chisholm* (2 cases) 146 Me. 206, 79 A. (2nd) 167, and 147 Me. 265, 86 A. (2nd) 166, involving the necessity for purposes of jurisdiction of an allegation that a real estate broker is duly licensed.

*Exceptions overruled.*

*Demurrer sustained.*