ELIZABETH BRYANT *vs.* HARRIET TIDGEWELL & another.

Essex.   Nov. 2, 1881. — June 28, 1882.   MORTON, C. J., W. ALLEN
& C. ALLEN, JJ., absent.

The declaration, in an action by a wife under the St. of 1879, *c.* 297, alleged that,
on divers days and times between dates specified, the defendant sold intoxicat-
ing liquors to the plaintiff's husband, and that, in consequence of such sales to
and drinking by her husband, he acquired confirmed habits of intoxication, and
became and was habitually drunk and intoxicated. *Held,* that it was open to
the plaintiff to prove sales of intoxicating liquor, which produced intoxication
in her husband, on more than two occasions.

If, in an action of tort against two defendants, one of the defendants calls the other
as a witness, he cannot, before the credibility of the witness has been attacked
by the plaintiff, put in evidence, for the purpose of sustaining the testimony of
the witness, that the witness was without any means to satisfy any judgment
that might be obtained against him.

An action may be maintained by a wife, under the St. of 1879, *c.* 297, for all damages
sustained by the intoxication of her husband, if such intoxication was caused
" in whole or in part " by liquor sold to him by the defendant, although during
the time covered by the declaration the husband purchased intoxicating liquor
of persons other than the defendant, which caused his intoxication in part.

In an action by a wife, under the St. of 1879, *c.* 297, for damages sustained by the
intoxication of her husband, alleged to be caused by liquor sold to him by the

defendant, the defendant is not responsible for all damages caused to the plaintiff by any habits of intoxication to the formation or confirmation of which the defendant contributed, unless the liquor sold by the defendant caused, in whole or in part, the intoxication complained of. .

TORT, under the St. of 1879, *c.* 297, against Harriet Tidgewell and Thomas Allen. Writ dated February 7, 1880. The declaration contained two counts.

The first count alleged that the plaintiff was, and had been for several years past, the wife of Amasa F. Bryant; that her husband, prior to and since April 30th last, was in the habit of using intoxicating liquor to excess, and was in the habit of becoming drunk and intoxicated; that this habit of drunkenness of said Amasa was well known to the defendants; that the plaintiff notified the defendant Tidgewell not to sell or deliver to her said husband intoxicating liquors; but said Tidgewell, regardless of said notice, did, on divers days and times between said April 30 and February 7, 1880, sell and deliver to her said husband intoxicating liquor, which said Amasa drank, and was made drunk and intoxicated thereon; that, in consequence of such sales to and drinking by said Amasa, he acquired confirmed habits of intoxication, and became and was habitually drunk and intoxicated, and thereby her efforts to reform him were rendered ineffectual; that in consequence of such sales and habits of drinking said Amasa neglected his work, and neglected his duties towards her, and treated her rudely and unkindly, and threatened her with personal violence; that, in consequence of such sales, drinking and habits, she was made sick, and said Amasa neglected to provide her with proper care and treatment, and she suffered in mind and health; and, in consequence of all the aforesaid, she had been greatly injured in her person and property and means of support; that said defendant Allen was the owner of the building and premises where said Tidgewell kept and sold said intoxicating liquor to said Amasa, and he leased the same to said Tidgewell with knowledge that intoxicating liquors were to be sold therein, and said Allen knowingly permitted the sale of intoxicating liquors therein; whereby, by force of the statute in such case made and provided, an action had accrued to the plaintiff.

The second count alleged that Amasa F. Bryant was the plaintiff's husband, and was before and since April 30th last; that said husband was in the habit of using intoxicating liquors to excess; that since said April the plaintiff notified said Tidgewell not to sell or deliver to her said husband intoxicating liquor; that, after said notice, said Tidgewell did sell and deliver intoxicating liquor to her said husband; that said husband drank the same and became intoxicated thereon, and, while so intoxicated, said Amasa assaulted the plaintiff; that at the time of said assault she was sick, and on account of said assault she was made more sick, and suffered great pain of body and mind, and was greatly injured in her person, property and means of support; that said Allen was owner of the building and premises where said Tidgewell sold and delivered said intoxicating liquor to said Amasa, and that he, said Allen, let the premises with knowledge that intoxicating liquor was to be sold therein, and that said Allen knowingly permitted the sale of intoxicating liquor in said premises; whereby an action, by force of the statute, had accrued to the plaintiff, to recover in damages against these defendants. Answer, a general denial.

Trial in the Superior Court, before *Putnam*, J., who allowed a bill of exceptions, in substance as follows:

The defendant Allen contended that, under the declaration, it was not open to the plaintiff to prove sales of liquor, which produced intoxication in the husband, on more than two occasions; but the judge ruled otherwise; and, against Allen's objection, admitted evidence tending to prove sales on very many different days during the period covered in each count of the declaration.

The defendant Allen called as a witness the defendant Tidgewell, who testified to matters material to the issue. For the purpose of sustaining her credit as a witness, Allen offered to prove by her that she was without any means to satisfy any judgment which might be obtained against her in this case; but the judge excluded the evidence.

The plaintiff called her husband as a witness, and, on cross-examination, he testified that, during the period covered by the declaration, he was in the habit of purchasing liquor of third persons by the glass, to the extent of at least six-fold more than

he purchased during said period of Tidgewell, who always sold him liquor by the glass.

The defendant Allen asked the judge to instruct the jury as follows: " 1. If the jury find that, during all or a portion of the time set forth in the declaration, the plaintiff's husband made frequent purchases of liquors of parties other than the defendant Tidgewell, and that these purchases caused his intoxication during that period or a portion of it, the defendants are not liable for the injury to the plaintiff which was attributable to the intoxication which was produced by such purchases. 2. If the jury find that, during all or a portion of the period covered by the declaration, the husband made frequent purchases of liquors of parties other than the defendant Tidgewell, and that such purchases contributed to his intoxication during that period or a portion of it, then the defendants are not liable for the injury which was attributable to the intoxication aggravated by such purchases, and which would not have accrued to the plaintiff except for such aggravation. 3. Mental suffering on the part of the plaintiff caused by contemplating the intoxication of her husband does not constitute an element of damage in this case."

The judge declined to give the first instruction as requested, but gave it inserting the word "alone" before the words "caused his intoxication"; and also declined to give the second instruction; and, instead thereof, instructed the jury as follows: " The defendants are responsible for all damages caused to the plaintiff by any intoxication which they had any share in producing, or caused by any habits of intoxication to the formation or confirmation of which they contributed. The fact that during the same period other persons by their sales had caused his intoxication will not exonerate the defendants, if the intoxication was aggravated by the sales made by the defendants, and the injury to the plaintiff would not have been occasioned except for such aggravated intoxication." The judge also declined to give the third instruction as requested, but gave the same with the addition of the word "mere" before the words "mental suffering," and with the following qualification: " But if her mental suffering and excitement, growing out of his conduct towards her while intoxicated, directly caused her sickness, that may be considered by you as an element of damage."

The jury returned a verdict for the plaintiff in the sum of $650; and the defendant Allen alleged exceptions.

*E. T. Burley*, for the defendant.

*C. U. Bell*, (*E. J. Sherman* with him,) for the plaintiff.

FIELD, J. The first exception was submitted without argument by the defendant. The declaration alleges "habitual intoxication," and it was open to the plaintiff to prove sales on more than two occasions.

As to the second exception, the credibility of the witness had not been attacked by the plaintiff. It appears that the witness was one of the defendants, and therefore directly interested in the suit. The evidence offered by the other defendant, that the witness was "without any means to satisfy any judgment which might be obtained against her in this cause," had no tendency to show that she was not actually interested as defendant in the suit. Whether evidence of the kind offered ought ever to be received to rebut evidence of interest or bias, is at least doubtful, and it may perhaps depend upon the nature of the evidence it is offered to rebut; but we think it ought never to be received, in the first instance, when offered by the party who calls the witness, for the purpose of supporting his testimony; and that the court did right in excluding it.

The first instruction asked for was properly modified by the court. The St. of 1879, c. 297, gives a right of action against any person who shall have caused the intoxication "in whole or in part."

The second instruction asked for was also rightly refused. If the defendants caused the intoxication in whole or in part, then by the terms of the statute they are liable to the wife, if she be injured in person or property or means of support "in consequence of the intoxication," for all damages sustained; and the statute does not attempt to apportion the damages when persons other than the defendants have contributed to the intoxication.

The instruction given in place of the second instruction asked for, we think, does not correctly state the law. Under this instruction, the jury may have found that the defendants contributed to the formation of habits of intoxication, although they did not cause the intoxication in whole or in part of which the

plaintiff in her declaration complained. The defendants may have contributed to the formation of habits of intoxication by the plaintiff's husband, without ever having proximately, in whole or in part, caused him to become intoxicated. All the intoxicating liquors the defendants ever sold the plaintiff's husband may have been sold before she became his wife, and yet the defendants may have thus contributed to the formation of habits of intoxication, and the actual intoxication of which the plaintiff complains may have been wholly caused by other persons than the defendants. Whether the intoxication be "habitual or otherwise," the defendants to be liable must in whole or in part have actually caused the intoxication, and the injuries must have been received in consequence of such intoxication, or from a person whose intoxication was thus caused by the defendants. A habit of becoming intoxicated is distinguishable from actual intoxication.

For this reason, without discussing the remaining exceptions, a *New trial must be ordered.*