ELIZABETH J. MINOT *vs.* JOHN B. DOHERTY.

Suffolk.    March 23, 1909. — June 24, 1909.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Intoxicating Liquors,* Civil liability for damage caused by intoxicated person. *Practice, Civil,* Judge's charge. *Damages.*

In an action under R. L. c. 100, § 58, by the wife of an habitual drunkard against the proprietor of a bar room for personal injuries from an assault upon the plaintiff by her husband in consequence of intoxication caused by liquor sold to him by the defendant, it is right for the presiding judge to instruct the jury that they must find that the assault was caused by the plaintiff's husband being in a state of habitual drunkenness at the time, and that this state of habitual drunkenness had been caused in whole or in part by liquor sold by the defendant.

An inaccurate statement in the charge of a presiding judge, which if it stood alone would be erroneous, may be cured by a subsequent clear and correct instruction.

In an action under R. L. c. 100, § 58, by a married woman against the proprietor of a bar room for personal injuries, resulting in the premature birth of a dead child, from an assault upon the plaintiff by her husband in consequence of in-

toxication caused by liquor sold to him by the defendant, it is proper for the jury upon the question of damages to consider the plaintiff's pain in labor at the time of the alleged miscarriage.

TORT under R. L. c. 100, § 58, by a married woman against the proprietor of a bar room for personal injuries, resulting in an alleged miscarriage, from an assault upon the plaintiff by her husband in consequence of intoxication caused by liquor sold to him by the defendant. Writ dated November 8, 1905.

In the Superior Court the case was tried before *Stevens*, J. At the close of the evidence the defendant asked the judge to give certain instructions to the jury, among which were the following:

"8. There is no evidence that the alleged miscarriage was suffered in consequence of the intoxication of the plaintiff's husband caused in whole or in part by liquor sold or given him by the defendant."

"11. The jury cannot consider the plaintiff's pain in labor at the time of the alleged miscarriage as an element of damage, as there is no evidence that such pain was more aggravated than would ultimately and naturally result from her pregnancy."

The judge refused to give these instructions, and submitted the case to the jury with instructions which are described in the opinion.

The jury returned a verdict for the plaintiff in the sum of $1,500; and the defendant alleged exceptions to the judge's refusal to give the eighth and the eleventh instructions requested by the defendant, and to "that portion of the charge relating to the defendant's liability, if the plaintiff's husband was a confirmed and habitual drunkard and his confirmed habits were continued in whole or in part by liquor supplied by the defendant."

*P. A. Hendrick*, for the defendant.

*R. W. Shea*, for the plaintiff.

LORING, J. 1. The defendant urges in support of his exception to the refusal of the judge to give the eighth ruling asked for that "the defendant would not be liable if an habitual drunkard, to the formation of whose habits of intoxication the defendant had in whole or in part contributed, committed an assault while perfectly sober." That is true. That was decided to be

law in *Bryant* v. *Tidgewell*, 133 Mass. 86. But it was laid down in that case that if a man who is habitually drunk for a specified period assaults his wife at that time, a defendant who by selling him liquor had caused that drunkenness in whole or in part would be liable if his intoxication at that time was the cause of the assault. That case established the distinction between causing a husband to form habits of drunkenness by selling liquor to him and causing him to be habitually drunk during a specified period by selling liquor to him.

The defendant has also argued that there was no evidence that the husband was in fact intoxicated at the time of the assault. But we are of opinion that from the evidence set forth in the bill of exceptions the jury were warranted in finding that he was intoxicated at that time. Moreover the bill of exceptions does not purport to set forth all the evidence. Further, although the whole charge is not given, it affirmatively appears that the presiding judge instructed the jury that they must find that fact. He told them that he had been asked to give them this instruction : " The burden is upon the plaintiff to show that the intoxication of the husband at the time it is alleged that he struck and injured her was caused in whole or in part by liquors sold or given him by the defendant." As to this he told the jury : " I have already given you that and I repeat it."

2. In explaining to the jury that the defendant would not be liable for habits of intoxication formed by the husband before any liquor was sold to him by the defendant, the judge said that he would be liable if " those habits were continued afterwards and were continued afterwards on account of the acts of the defendant in selling him liquor in whole or in part." If this had stood alone the charge would have been erroneous for the same reason that the charge in *Bryant* v. *Tidgewell*, 133 Mass. 86, was held to be wrong. But this was an inaccurate statement used by the judge in pointing out that the defendant was not liable if the husband had become addicted to drunkenness before any liquor was sold to him by the defendant. When the judge later on in his charge instructed the jury as to what they must find to bring in a verdict for the plaintiff, this inaccuracy was cured. They were then told in substance that they must find that the assault was caused by his being in a state

of habitual drunkenness at the time, and that this state of habitual drunkenness had been caused in whole or in part by liquor sold by the defendant.

3. The eleventh request could not be given. The pain in labor of a woman who by reason of an assault and battery upon her brings forth a dead child when she is seven months gone in pregnancy, may be found to be greater than the pain in labor of a woman "who remembereth no more her anguish for joy that a man is born into the world."

*Exceptions overruled.*