## CENTRAL VERMONT RY. CO. v. CAUBLE.

(Circuit Court of Appeals, Second Circuit. December 14, 1915.)

No. 27.

1. CARRIERS ☜320—PASSENGER'S ACTION FOR INJURIES—QUESTIONS FOR JURY.

In an action for injuries, where it appeared that plaintiff was a passenger on a train of defendant which collided with another train, and there was evidence that she sustained injuries of a permanent nature, a motion by defendant to dismiss the complaint was properly denied.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1118, 1126, 1149, 1153, 1160, 1167, 1179, 1190, 1217, 1233, 1244, 1248, 1315–1325; Dec. Dig. ☜320.]

2. APPEAL AND ERROR ☜1004—SCOPE OF REVIEW—EXCESSIVENESS OF DAMAGES.

In an action for personal injuries, the alleged excessiveness of the damages cannot be reviewed by a federal appellate court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3944–3947; Dec. Dig. ☜1004.]

3. TRIAL ☜296—INSTRUCTIONS—CURE BY OTHER INSTRUCTIONS.

In a passenger's action for injuries alleged to have been sustained in a collision, the court charged that, as defendant offered no explanation of the collision which it admitted took place, and as there was no evidence of contributory negligence, plaintiff was entitled to a verdict. It further charged, however, that if the jury found that plaintiff was entitled to any damages because of defendant's negligence, they might give her reasonable compensation, and that the question came down to a question of the extent of her injuries, whether she suffered any injuries of a serious character, or whether she did or did not exaggerate her injuries. *Held* that, if the instruction first mentioned was not strictly correct, standing alone, it was cured by what followed, as the charge, as a whole, could not have misled the jury into thinking that plaintiff could recover unless she sustained some injury, and where the charge, as a whole, presents the question fully and fairly to the jury, so as not to mislead them, exceptions to detached portions of the charge will not be sustained.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. ☜296.]

4. APPEAL AND ERROR ☜1050—HARMLESS ERROR—ADMISSION OF EVIDENCE.

In an action for injuries, in which plaintiff's case rested largely upon the testimony of D., a physician, another physician was allowed to testify that D.'s reputation was very good, and that he was one of the most capable men in New York City. D.'s reputation had not been attacked, and neither his profession nor general character had been assailed on cross-examination. *Held* that, while the admission of this testimony was a doubtful propriety, since evidence is not admissible, as a general rule, to sustain the credibility of an unimpeached witness, its admission was not sufficient to justify a reversal, as it was not probable that the jury, who saw and observed D. while under direct and cross examination, attached undue weight to the opinion of the other physician as to his standing and ability.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. ☜1050.]

5. APPEAL AND ERROR ☜1048—HARMLESS ERROR—ADMISSION OF EVIDENCE.

In an action for injuries, though no damages to plaintiff's eyesight were claimed in the complaint, the admission of a question to plaintiff as

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to whether anything was the matter with her eyes after the accident was harmless, where she answered that she did not know.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4140–4145, 4151, 4158, 4160; Dec. Dig. ☞1048.]

In Error to the District Court of the United States for the Southern District of New York.

Action by Laura A. Cauble against the Central Vermont Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

See, also, 216 Fed. 712.

Martin S. Lynch, of New York City, for plaintiff in error.

Bassett, Thompson & Gilpatric, of New York City (W. W. Thompson, of New York City, of counsel), for defendant in error.

Before LACOMBE, COXE, and ROGERS, Circuit Judges

ROGERS, Circuit Judge. This is an action brought to recover for personal injuries alleged to have been caused to the defendant in error, hereinafter called the plaintiff, by the negligence of the plaintiff in error, hereinafter called the defendant. The action has been twice tried. On the first trial the plaintiff obtained a verdict for $10,000. On the second trial she recovered a verdict for $16,356.

[1] On September 12, 1912, the plaintiff was a passenger riding in a Pullman car attached to a passenger train belonging to and operated by the defendant on its railroad in the state of Vermont. She was on her way to Middlebury, Vt., and just before Essex Junction was reached the collision occurred between the train upon which she was traveling and a local train which had pulled out from the Junction. The collision was caused by a misunderstanding of signals. The defendant is charged with negligence and want of care in the management and operation of its trains, and the injuries the plaintiff suffered are attributed to this negligence of the defendant. It is claimed that as a result of the collision the plaintiff was thrown from her chair in the Pullman against the chair in front of her, and struck her breast bone and lower left ribs, and that severe bruises and contusions resulted; that the jar of the accident and being thrown against the chair caused the plaintiff's spine and back to be twisted and strained; that the plaintiff suffered a severe shock to her nervous system, and had not recovered therefrom at the time of the trial in December, 1914, 2 years and 3 months after the accident; and that her injuries were of a permanent nature.

The plaintiff's physician testified that, when he made a physical examination of her after the accident, he found that the largest and most prominent vertebra of the spinal column was displaced; that when a joint had been once dislocated it was much easier for the same joint to become dislocated again; that since his first examination he had found her spine displaced perhaps a dozen times; that he did not think she would ever permanently recover from the effects of the accident; that prior to the accident he thought her a woman exceptionally well poised both physically and mentally; that since the accident

she had more or less nervous disturbance all the time, sometimes more severe, and sometimes less severe, but never entirely absent; that tears were very plentiful on slight provocation, or no provocation; that she was able to accomplish about one-half the work that she was able to accomplish before the accident. There was testimony of other witnesses as to her excellent physical condition before the accident, and the great suffering she had endured since, and her exceedingly nervous condition.

The defendant put on the stand an expert, whose testimony tended to destroy the effect of the testimony of the plaintiff's physician if the jury believed it. The counsel for the defense at the close of the plaintiff's case moved that the complaint be dismissed. The motion was very properly denied. To have taken the case from the jury would have been manifest error.

[2] This court cannot consider the question whether the amount of the damages is excessive. In the federal courts the appellate courts do not review the action of the jury in that particular. But we may be permitted to say that if the testimony of the plaintiff and of her witnesses is believed, and the jury did believe it, we cannot see how it can be seriously claimed that the amount of the verdict is excessive.

[3] Complaint is made in respect to the charge to the jury, in that the jury was instructed that since the defendant offered no explanation of the collision, which it admitted took place, and there was no evidence of contributory negligence, the plaintiff was entitled to a verdict. But, conceding that that portion of the charge was not strictly correct, standing alone, the error of it was corrected by what followed. For the jury was instructed that:

"If you find she is entitled to any damages because of defendant's negligence, you may give her reasonable compensation."

And in speaking of the collision the jury was told that, if it was found that the collision occurred negligently, the question—

"comes down to the question of the extent of her injuries, whether she suffered any injuries of a serious character, whether she does or does not exaggerate her injuries."

Of course it was necessary that the jury should be satisfied that the plaintiff did sustain some injury in consequence of the collision. And we think the charge as a whole could not have misled the jury on that point. The rule is that, if a charge as a whole presents the questions fully and fairly to the jury, so as not to mislead them, exceptions to detached portions of it will not be effectual for the support of error. Hickenbottom v. D., L. & W. R. R. Co., 122 N. Y. 91, 100, 25 N. E. 279.

[4] It is assigned as error that the court permitted, over an objection and an exception, a witness who was a physician and called by the plaintiff, to testify as to the reputation and standing of the plaintiff's medical expert. He was allowed to answer the question, "Do you know Dr. De Forest's reputation in his profession?" And, having answered that he did, was asked, "Is that reputation good?" To which he replied, "It is very good; I think he is one of the most capable men

in New York City." The reputation of Dr. De Forest had not been attacked on the trial. No impeaching witnesses had been called, and neither his professional or general character had been assailed upon cross-examination. At the time of these questions Dr. De Forest had given no testimony and had not even been sworn. The case rests largely upon the testimony of Dr. De Forest. He is the only person who ever saw the dislocation of the vertebra. He alone testified that the vertebra was liable to become dislocated at any moment, and would require reducing from time to time, and constituted a permanent injury.

As a general rule evidence is not admissible to sustain the credibility of a witness who has not been impeached. Woey Ho v. United States, 109 Fed. 888, 48 C. C. A. 705 (1901); Adams v. Greenwich Ins. Co., 70 N. Y. 166 (1877); Bryant v. Tidgewell, 133 Mass. 86 (1882). And if the court had sustained the objection, and declined to allow the questions to be answered, no error would have been committed. The reception of the testimony was of doubtful propriety, but we cannot believe that the error, if one was committed, is of sufficient gravity to justify us in reversing the judgment and sending the case back for a retrial. The jury saw the physician on the stand, and observed him during his direct and cross examination, and it is not probable that the opinion of another physician as to his standing and ability could have had any undue weight with the jury in considering the testimony.

[5] We do not find it necessary to pass upon the other exceptions taken to rulings of the court below upon minor questions. If some of the rulings were erroneous, they were of so trivial a nature as to render the errors, if any there were, negligible. For example, no damage to eyesight was claimed in the complaint, nevertheless plaintiff was asked on direct examination if "anything was the matter with her eyes after the accident." This was excepted to; but, as the answer was, "I don't know," no possible harm was done, and the exception is simply academic.

Judgment affirmed.