### JOSEPH E. FRIEND *vs.* JOSEPH PITMAN.

Penobscot.. Opinion November 3, 1898.

*Pleading.   Averment that time note was overdue. · Laws of 1821, c. 63.*

The want of an averment in the declaration on a note payable five months after date, that the five months have elapsed, or that the note was overdue, is not fatal on demurrer.

ON EXCEPTIONS BY PLAINTIFF.

An action of assumpsit upon a promissory note.  The defendant appeared by attorneys and filed a general demurrer to the plaintiff's declaration, on the ground that the plaintiff did not allege, and it nowhere appeared in the declaration, that the note declared on (which was a time note) was due and payable at the time of the commencement of the action by the plaintiff.  The plaintiff joined in the demurrer.  The presiding justice overruled the demurrer, and adjudged the declaration good, to which rulings the defendant seasonably excepted.

*D. B. Young,* for plaintiff. ·

*F. J. Martin and H. M. Cook,* for defendant.

SITTING:  EMERY, HASKELL, WHITEHOUSE, STROUT, SAVAGE, JJ.

SAVAGE, J.  The plaintiff has declared upon a promissory note dated December 6, 1893, and payable five months after date.  To this declaration the defendant has filed a general demurrer, and as ground for demurrer, he sets up the want of an averment in the declaration that the note was overdue, or that the five months had

long since elapsed, or, in substance, that a cause of action had accrued. Some such averment is usually found in the books of precedents in the forms for declarations on time notes. Is such an averment necessary?

The writ was dated September 4, 1897, and if we may look at the date of the writ, it becomes clear that the note was long overdue when suit was brought. But it is contended that we may not go beyond the four corners of the declaration, in determining its sufficiency upon demurrer, and hence that we cannot, by an inspection of the date of the writ, ascertain whether a cause of action had accrued upon this time contract. It is indeed generally true that every essential fact which it is necessary for the plaintiff to show in order to maintain his action must be affirmatively averred in his declaration; and it is likewise generally true that the sufficiency of a declaration must be determined from an examination of the declaration itself.

But we are of opinion, that under our present practice, it is permissible to read the date of the writ in connection with the allegations in the declaration on a time note, to ascertain if the note appears to have become due before the action was begun, and that, if it so appear, the want of a direct averment to that effect is not fatal.

In pleading at common law, when the " writ " the " process " and the " declaration " were each a separate and distinct instrument, complete in and of itself, there was more than a technical reason for saying that the pleader must make all his essential averments within the body of the declaration itself. *Church* v. *Westminster*, 45 Vt., 380. But in this state, these three ancient forms are blended in one. Laws of 1821, Chap. 63. The writ and the declaration now constitute but one instrument. All averments in the declaration in the present tense must necessarily be taken as of the date of the writ, and in construing such averments, the writ and declaration must be considered together. The averment in the declaration in this case that the defendant " neglects and refuses " to pay can only refer to the time the writ issued. The date becomes a part of the averment. In so far as the question at issue

is concerned, the reason for the old rule has ceased, and the maxim, cessante ratione legis, cessat ipsa lex, is not inapplicable. It would seem that any conclusion other than that at which we have arrived would be a travesty upon good sense and sound judicial reasoning.

Moreover, it has been held, (and we think such is the weight of authority,) that the want of an averment that the note or bill sued is due, is not fatal, even under the strict rules of common law pleading. In a note to 2 Chitty on Pleading, 16th Am. Ed. p. 73, the editor says: "It is not, it seems, necessary to aver that the bill became due before the commencement of the suit," citing, *Owen* v. *Walters*, 2 M. & W. 91; *Padwick* v. *Turner*, 11 Q. B. 124; *Shepherd* v. *Shepherd*, 1 C. B. 847. In *Shepherd* v. *Shepherd*, concerning the allegation "which day had expired before the commencement of this suit," Tindal, C. J., said: "This latter was a perfectly unnecessary allegation, inasmuch as we can see upon the face of the record, that the writ issued long after the note became due." See *Lester* v. *Jenkins*, 8 Barn. & Cress. 339. It has even been held that demurrer will not lie for such a cause as this, unless it appears affirmatively upon the face of the declaration that the cause of action had not accrued when the suit was commenced. *Maynard* v. *Talcott*, 11 Barb. 569; *Pugh* v. *Robinson*, 1 Term. Rep. 116. In *Bank of Montpelier* v. *Russell*, 27 Vt. 719, a declaration similar to the one in this case was held good on general demurrer, though the question here at issue was not noticed. But the court said of the declaration: "It is in a brief form, which has been in very general use in the state for many years, and always regarded by the court as sufficient."

Nor is this position weakened by the cases cited by counsel for the defendant. In *Bethel & Hanover Toll Bridge Co.* v. *Bean*, 58 Maine, 89, there was no allegation of the time when the assessments sued for were to be paid. Clearly demurrable. In *Hotchkiss* v. *Judd*, 12 Allen, 447, the pleader failed because he did not state any promise of the defendant which was to be performed *before the date of the writ*. Not so in this case. In *Curtis* v. *Hubbard*, 6 Met. 186, which was a suit against defendant as guar-

antor for her son, the averment was that the plaintiffs "made known to the defendant more than ninety days before the commencement of this action, said William's indebtedness to them in a sum exceeding $2000, and made demand etc." It was not averred that at the time of the notice the sum sued for was due and payable, or that they gave her notice that it was due and payable. It was simply an averment of indebtedness on the part of the son. And here was her trouble.in the pleading. The son bought on credit, and hence incurred an indebtedness before it became due and payable. But the mother by her contract declared on only became liable in case of the failure of the son to pay *when due.* It might be true as averred that the son was *indebted*, and still the mother not liable in any sense. The pleader failed to lay any foundation for any liability whatever of the defendant at any time. But that is not this case. The case of *Spears* v. *Bond*, 79 Mo. 467, is more directly in point. There the court held that a petition which "failed to allege that the note had become due or that it had matured," was defective. But curiously enough, that court in discussing another alleged ground of demurrer, said "If, as appears *from the date of the petition*, the time for the delivery of the lumber had arrived or passed, and demand for its delivery was made by the plaintiff, and met with refusal or non-compliance, the defendants were clearly in fault." If the Missouri court for some purposes looked beyond the four corners of the petition, (and much more, if the date was within the four corners) why might they not also have done the same for the purpose of ascertaining whether a cause of action appeared to have accrued before the date of the petition? We see no good reason.

It is the opinion of the court that defendant's demurrer was rightly overruled by the presiding justice.

*Exceptions overruled.*