HARRY R. WYMAN *vs.* AMERICAN SHOE FINDING COMPANY.

Somerset.　Opinion December 13, 1909.

*Instructions.　Review.　Presumptions.　Amendments.*

Where the instructions given are not reported for review, they are presumed to have been proper.

To sustain a verdict for injury to an employee through a gin pole falling, the case may be considered as if the declaration had been amended to conform to evidence admitted without objection that he did not know that the pole was not set in the ground far enough to stand without guys, and evidence tending to show his superintendent's negligence in causing one of the lines supporting the pole to be loosened, thus exposing plaintiff to a new or increased danger which he either did not know, or knowing, appreciate.

On motion by defendant.　Overruled.

Action on the case to recover damages for personal injuries sustained by the plaintiff and caused by the alleged negligence of the defendant.　Plea, the general issue.　Verdict for plaintiff for $2200. The defendant then filed a general motion for a new trial.

The case is stated in the opinion.

*Forrest Goodwin,* for plaintiff.

*William T. Haines, and John E. Nelson,* for defendant.

SITTING : WHITEHOUSE, SAVAGE, SPEAR, CORNISH, KING, BIRD, JJ.

BIRD, J.　The plaintiff seeks to recover damages for injuries sustained by him while employed as he alleges by defendant corporation in securing in position a mast or "gin" pole erected by defendant.　The verdict was for plaintiff and defendant filed a general motion for new trial.

The charge of the presiding Justice is not reported.　It is to be assumed, therefore, that proper instructions were given.

Defendant urges that the plaintiff was a mere volunteer but upon the evidence we see no reason to disturb the verdict on that ground.

On the day preceding the accident the defendant had erected a mast or "gin" pole, stepping it into a hole, about two feet deep, in

the frozen ground and holding it in position by means of three guys or lines which were securely attached to proper anchorages. The guys, for convenience, may be referred to as northerly, easterly and southerly. The anchorages were located respectively in separate thirds of the circumference of the circle of which the bottom of the pole was the center. The pole was thus stable if the guys did not break or slip. The tackle and fall by which the pole was raised were left in position and the fall was drawn taut and secured at a point northwesterly of the mast.

On the morning of the accident, after the three guys had been made taut, the plaintiff, who had an experience of several years in the erection and climbing of poles for electrical purposes, was directed by the superintendent of defendant to climb the mast and substitute for one of the guys another of greater size. This he did, but the evidence is contradictory as to whether this guy was placed over or under the other two guys. He then again ascended the mast and, the fall having been unloosed, carried the block which had been left attached to the mast the night before, some distance upwards and there secured it to the mast. Upon the evidence, the jury would be warranted in finding that the other end of the tackle and fall was not again made fast to the anchorage. Attention was then called to the fact that the pin ordinarily put through the top of a "gin" pole to keep the guys from slipping was not in place. Plaintiff states that he thereupon ascended the mast with a pin, but could find no hole in which to place it and dropped it to the ground. Defendant produced evidence tending to prove that plaintiff refused to take the pin when offered him, saying that it was unnecessary. Plaintiff again ascended the pole with a light hand line with which to draw up a line to be attached to the top of the mast as a fourth guy which it was intended to anchor at a point westerly or northwesterly of the mast. While engaged in this work, and before the guy was made fast at the lower end, the mast toppled and fell and severe injuries to plaintiff resulted.

It is difficult, at first at least, to understand how the accident could have happened. The plaintiff himself is unable to explain it. We think, however, upon the evidence that when the fall was cast

off from its anchorage it allowed the mast to settle towards the east or southeast and partially removed the strain upon the other guys and allowed them to become somewhat slack thus permitting the southerly guy, which was lowest on the mast, to slip and as the mast swung the breaking of the northerly guy, from contact with some object, permitted the mast to fall to the ground.

In the first count of the declaration, the negligence of defendant is stated to consist in not having the guy line from the top of the mast to the corner of the factory fastened and in not planting the mast in the ground to a greater depth than two or three feet, of which plaintiff is declared to have been ignorant.

We cannot conceive how plaintiff could have failed to know if one of the three guy lines was unfastened nor is there any evidence to sustain his contention it was unfastened. It is clear that a "gin" pole, or derrick without boom, is not buried in the ground to any considerable depth and that to so bury it as to render it stable without guys would render it useless for the purpose for which it is designed.

In the second count of the declaration failing to secure the guys from slipping upon the mast and to properly plant the mast in the ground is the negligence complained of, but plaintiff upon his own testimony knew that no provision was made for keeping the guys from slipping and must have known and appreciated the danger of such condition and, therefore, assumed the risk.

Strictly therefore under neither count of the declaration is there evidence upon which the verdict can be sustained : See *Patton* v. *T. & P. Ry. Co.*, 179 U. S. 658, 663. But the plaintiff testified without objection that he was not aware that the mast was not set in the ground to such depth as to remain erect without guys and claimed that defendant was wanting in due care in not so informing him (*Welch* v. *Bath Iron Works*, 98 Maine, 36, 367). So too upon evidence, admitted without objection, the jury may have properly found that defendant's superintendent whom the jury might likewise upon the evidence have found to be a vice principal *Donnelly* v. *Granite Co.*, 90 Maine, 110, 116) in directing or

permitting the loosing of the fall, thereby exposed plaintiff to a new and greater danger from the increased liability of the guys to slip which he did not know, or, knowing, did not appreciate. It is true that the declaration contains no allegations to which the evidence or such findings can be referred but, had plaintiff asked to amend, his motion would undoubtedly have been granted by the trial court (*Babb* v. *Paper Co.*, 99 Maine, 298, 302; *Anderson* v. *Wetter*, 103 Maine, 257) and we are of opinion that under the circumstances we may consider the case as if the amendment had been actually made (*Cowan* v. *Bucksport*, 98 Maine, 305, 308) and must overrule the motion for new trial.

*Motion overruled.*