MARY CLAPP

*vs.*

CUMBERLAND COUNTY POWER AND LIGHT COMPANY.

Cumberland.   Opinion June 8, 1922.

*Negligence unless alleged in the declaration is not an issue.   If, however, testimony is introduced without objection which warrants a finding by the jury of negligence, an objection that the evidence does not support the declaration comes too late after verdict.   Declaration may be amended on seasonable objection.*

In an action by a passenger against a street railroad company to recover damages for personal injuries caused by the sudden starting of the car while the passenger is alighting, under a declaration alleging that the sudden starting of the car was caused by the defendant through its agent or agents, the negligence of the conductor through inattention to his duties towards the passenger whom he knew wished to alight at a given transfer point, in not preventing in the exercise of due care the sudden starting of the car by an unauthorized act, or in not seasonably giving a countermanding signal, is not an issue.

When during the trial of such a cause testimony is introduced without objection from which the jury is warranted in finding that the conductor knew or ought to have known that the plaintiff wished to alight at a given transfer point, and was negligent in not being alert to see that she did so safely, in consequence whereof she was injured, an objection that the evidence does not support the declaration comes too late after verdict, upon motion to set the verdict aside.

If the objection had been seasonably taken at the trial, an amendment would have been allowable.

The case having been fully tried without surprise to the defendant, so far as the record shows, an amendment may be considered as made, and the verdict allowed to stand.

The court is, however, of the opinion that the damages awarded are excessive.

On motion by defendant.   An action to recover damages for injuries sustained by plaintiff, a passenger, while alighting from a street car of defendant at Lincoln Street in South Portland, caused by a sudden starting of the car.   The jury returned a verdict of $2,050.00 for the plaintiff, and the defendant filed a general motion

for a new trial. Motion sustained unless the plaintiff within twenty days after filing of mandate shall remit all of the verdict in excess of $1,000.

The case is fully stated in the opinion.

*Hinckley & Hinckley,* for plaintiff.

*Verrill, Hale, Booth & Ives, J. E. F. Connolly and L. V. Walker,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, DUNN, WILSON, DEASY, JJ.

MORRILL, J. This is an action to recover damages for injuries suffered by the plaintiff, a passenger, while attempting to alight from a Portland bound Saco car of defendant at Lincoln Street, Ligonia, so called, in South Portland, through the sudden starting of the car. The plaintiff's case is thus stated in the declaration: "that as said plaintiff was on the running board and was stepping from said car to the street, while said car was at a standstill, said car suddenly and without warning and in a violent manner started forward; that the sudden starting of said car was caused by the defendant, through its agent or agents." The defendant has filed a general motion to set aside a verdict for plaintiff.

If consideration of the testimony is confined to the allegations of the declaration, the decision on this motion lies within rather narrow limits. Here there is no allegation of negligence on the part of defendant or its servants in not taking precautions against the unauthorized act of a passenger in starting the car, or in failing to use due care to protect alighting passengers before or after such unauthorized act had taken place. The allegation is direct, that the sudden starting of the car was caused by the defendant through its agent or agents. Two employees only of the defendant were on the car, the conductor and the motorman. The plaintiff's contention is thus stated in the brief: "The plaintiff contends that no bells were given for the car to go ahead at the time, and from her version it is evident that either the conductor spoke to the motorman and told him to go ahead, or the motorman started without instructions."

As to the conductor, this contention is mere conjecture without evidence to support it. The conductor is eliminated from any part in starting the car by the principal witnesses for plaintiff, Roland G.

Clapp, plaintiff's husband, and one Robert F. Lade, who with his wife was sitting on the seat in front of Mr. and Mrs. Clapp. If the conductor had directed the motorman to start, Mr. Clapp or Mr. Lade, or some other passenger must have heard him. Not a word of testimony appears in the record that the conductor ordered the motorman to start the car, or gave the starting signal.

As to the motorman, the plaintiff wholly fails to sustain her contention that he started the car without instructions. It is clear that he received the two-bell signal.

But the case was tried in behalf of the plaintiff upon the theory that the conductor was negligent and inattentive to his duties to a passenger [whom he knew wished to alight at Lincoln Street, Ligonia, in not preventing, in the exercise of due care, the starting of the car as it happened or in not seasonably giving a countermanding signal. Testimony along this line was introduced without objection and the issue thus tendered was met by defendant. Upon a careful reading of the testimony we think that the jury was warranted in finding the conductor negligent in not exercising due care to protect any passenger who might wish to alight at a regular transfer point. There were two regular transfer points, one at Cash's Corner, the other at Ligonia. According to the conductor's testimony he gave the signal to stop at Ligonia about one hundred and twenty-five rods before reaching that transfer point; he then went to the front of the car and proceeded to give out transfers for use in Portland. Having given that signal to stop at Ligonia, if he had remained at the rear of the car, or at any other place, where he could have watched, and did watch for passengers who might wish to alight, the accident probably would not have happened. It must also be remembered that the plaintiff and her husband testified that before reaching Cash's Corner, the first transfer point, Mr. Clapp told the conductor in substance that they would transfer at Cash's Corner, if a connecting car was there; if not, that they would transfer at Ligonia. The conductor does not recall this conversation, but he evidently had in mind that somebody was to transfer at Ligonia, because he gave the bell-signal to stop there. Upon this testimony the jury might find that the conductor knew or ought to have known, that the plaintiff and her husband wished to transfer at Ligonia, and was negligent in not being alert to see that they did so safely. It was not necessary for the conductor to give out transfers for use in Portland before leaving Ligonia.

Strictly under the declaration there is no evidence upon which the verdict can be sustained; the negligence proved was not an issue under the declaration. But the point was not raised at the trial. If objection has been seasonably taken, an amendment would have been allowable. *McKinnon* v. *Ry.*, 117 Maine, 239. The case having been fully tried, without surprise, so far as the record shows, to the defendant, we think that an amendment may be considered as made, *Wyman* v. *American Shoe Finding Co.*, 106 Maine, 263, and the verdict allowed to stand.

The defendant also argues that the damages are excessive; that the plaintiff has greatly exaggerated her injuries. While we recognize that the extent of the plaintiff's injuries is a question for the jury, no less than the question of liability, a careful examination of the evidence, particularly the testimony of the physicians who saw and examined the plaintiff shortly after the occurrence, satisfies us that her injuries have been overestimated, and that the jury manifestly erred in the award of damages; we think that one thousand dollars will be ample, even generous compensation for her injuries. The entry will be,

> *Motion sustained unless the plaintiff within twenty days after mandate is filed shall remit all of the verdict in excess of $1,000; if said remittitur is filed, motion overruled.*