## LEE H. JONES *vs.* JOHN I. BRIGGS, JR.

### Cumberland.    Opinion April 17, 1926.

*An action at law is not to be dismissed for mere defects in pleading that are amendable or may be cured by verdict if it appears that the court has jurisdiction and the plaintiff has stated a good cause of action.*

*Where there is a variance between evidence and the declaration when an amendment could have been made, if the question of a variance is not raised at the trial, it is too late to raise it after verdict.*

*False representations by a real estate broker to a prospective purchaser do not constitute a defense in an action by him against his principal for commissions, if such false representations were made to him by his principal.*

*Ordinarily a broker has completed his contract when he has procured for the owner a purchaser who is willing, able and ready to purchase on the terms proffered in good faith.*

In the instant case the verdict which embraced all of the contentions of the defendant was warranted on the evidence, and in accord with the instructions of the court.

On exceptions and general motion by defendant. An action in assumpsit to recover broker's commission for procuring a prospective purchaser of real estate who was ready, able and willing to purchase the property on the proffered terms until he discovered that the broker had made false representations to him relative to the amount of an incumbrance on the property, which representations the plaintiff admitted he made to the prospective purchaser but believing them to be true as such representations were made to him by his principal, the owner, as being true. Defendant excepted to certain instructions by the court, and also excepted to a refusal to give requested instructions, and after a verdict for the plaintiff filed a general motion for a new trial. Exceptions and motion overruled.

The case fully appears in the opinion.

*Henry N. Taylor and John J. Devine,* for plaintiff.

*H. C. Libby,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, BARNES, JJ.

BARNES, J. Defendant suffered an adverse verdict and appeals, relying on two exceptions taken to instructions to the jury, and upon allegations under the general motion for a new trial.

At trial term, issue was joined on a declaration in assumpsit, intended to include demand for a broker's commission in finding a purchaser for real estate of the defendant.

The declaration could be treated as containing two counts for the same item, account annexed, and for money had and received.

To the former objection might then have been raised, because at the drafting of the writ, if the sheet in common use was availed of, counsel for plaintiff had stricken therefrom the words, printed in such sheet, alleging that defendant at Portland, on the day of purchase of the writ was indebted to the plaintiff in the sum demanded according to the account annexed, and in consideration thereof promised to pay the same. No account was annexed to the writ, but the item for commission for the sale of property appears in the declaration.

Nothing appears of record as directing attention of court or plaintiff's counsel to the halting gait of the pleadings, but a large portion of defendant's brief is devoted to the apparent omission.

Objection might have been raised at the trial by special demurrer, with probable result that amendment would have been granted and a verdict reached. An action at law is not to be dismissed for mere defects in pleading that are amendable or may be cured by verdict if it appears that the court has jurisdiction and the plaintiff has stated a good cause of action. *Littlefield* v. *Railroad Co.*, 104 Maine, 126.

It is no doubt a rule of pleading, that facts, essential to sustain a prosecution or defense, should be stated directly, and not by way of argument or inference; and if this rule is not observed, it is good cause of special demurrer. But after verdict, all defects of mere form, and many which would be fatal upon general demurrer, are cured. *Elliot* v. *Stuart*, 15 Maine, 160.

It does appear of record that trial proceeded as though amendment had been made. It further appears in defendant's brief, "the case was tried upon the assumption that the plaintiff's declaration was

complete . . . . as containing the allegation of a promise on the part of the defendant." This waiver of the defect finally removes from our discussion any further allusion to the inartificially drawn declaration.

As to the Exceptions:

The evidence shows that a purchaser was found for the real estate, at the terms at which it was offered for sale by plaintiff as defendant's agent; but that soon after agreeing to proffered terms of sale, the prospective purchaser learned that certain representations made by plaintiff regarding the actual value of the property were false, and refused to purchase. Plaintiff admits that the representations were made by him as claimed, and testifies that he repeated them to his prospective purchaser precisely as given him by defendant.

In his charge to the jury the judge instructed them, in effect, that if they should find that defendant furnished plaintiff with representations which the jury find to be misrepresentations, affecting the value of the property to be sold, and that plaintiff made such representations relying on statements made to him by defendant, or further, if the jury should find from all the circumstances in the case that plaintiff when he made them was justified in believing such representations to be true they cannot operate as a defense.

To this instruction defendant excepted, and alleges that while such instruction might be proper in defense to an action for deceit by means of false representations, it is improper in this case as matter of law. The representations in question were as to the holder and terms of a mortgage which purchaser was to assume and pay, the amount of rent the property was then earning, and the sum paid as municipal tax; both clearly available to defendant, and certainly material as directly affecting the fair value of the property.

Under the well settled doctrine of agency it was the duty of defendant, in describing the property committed to his agent for sale, to give a frank and honest statement as to all points affecting its market value which were known to him, and particularly such as were peculiarly within his knowledge.

The representations in issue were capable of precise statement and were not easily attainable otherwise than by statement of the owner. It would be contrary to all rules of fair dealing to hold that the plain-

tiff could not safely announce to one desiring to purchase statements as above exactly as given him by his principal, and hence the instruction of the learned judge was correct, and the first exception fails.

At the completion of the charge, defendant requested an instruction in the following words,—"I further instruct you that the plaintiff, having attempted to draw a contract between the parties in this deal, and having drawn a paper that is insufficient in law to constitute a contract and insufficient in law to bind the parties, is not entitled to recover." This the judge declined to give, and defendant argues that the jury was thereby misled and his client suffers in consequence.

A broker may bind himself to present to the seller a valid contract, reduced to writing, according to whose terms the purchaser has bound himself to accept a deed of the property and pay the price. Most contracts made with agents for the sale of real estate are not of this sort.

True, there is introduced as plaintiff's exhibit in this case a paper purporting to show some of the terms of the contract of sale.

According to the testimony it does not contain the details of the trade. According to the ruling of the judge it is not a binding contract of purchase and sale.

But there is another contract whose terms the jury must determine.

It was the contract entered into by plaintiff and defendant.

Such commission as is here demanded is earned only by compliance with the terms of a contract of agency.

Did plaintiff agree to serve defendant by securing a purchaser who had affixed his signature to a valid contract of purchase, reduced to writing? On the other hand was plaintiff's contract merely the more usual one of procuring and presenting to defendant one who proposes to purchase, on the terms proffered in good faith, willing, able and ready to purchase? These, with others, were questions for the jury, and giving to the jury the instruction requested would have taken from them plaintiff's right to have their answer to the second of the above questions, with others pertinent; wherefore the second exception is to a refusal to give an instruction which the law required the Judge to withhold.

ON THE MOTION:

It remains to be determined whether the verdict is supported by the evidence and the weight thereof and is in accord with the charge

given. It is in evidence that the project which defendant favored was an exchange of properties, at agreed values, which would leave a balance to be paid by defendant; so if the jury found that it was the plaintiff's agreement to present a willing, able and ready purchaser, it is evident that the purchaser presented met the requirement of ability, and the issue is narrowed to whether the purchaser was willing and ready.

On this point the jury were to find from all the evidence, first, whether the purchaser would accept the property as offered, with the balance computed to equal the difference in values, and second, whether in offering defendant's property false representations were made on the material point of its market value, and if so whether such false representations were made by the defendant.

Bearing in mind that the jury must have found that the negotiations were carried on during interviews between the parties, and between the several parties to the trade and the plaintiff, and that each and all testified at the trial, an examination of the record satisfies the court that there was testimony of such kind and in such quantity as fairly to convince the jury and authorize their verdict.

They were to determine what was the contract between plaintiff and defendant, and to decide whether or no plaintiff had complied with the terms of his agreement.

It was for them to decide whether the property was what it was represented to the purchaser when he agreed to purchase, and if not whether the faulty description was given by defendant or another.

Their verdict determined these points, and it appears to be in accord with the instructions of the judge.

The mandate will therefore be,

*Motion and exceptions overruled.*