EUGENE H. BAILEY ET AL *vs.* MAUD M. LAUGHLIN.

Lincoln.     Opinion, March 22, 1932.

*Howard E. Hall,*
*George A. Cowan,* for plaintiffs.
*Weston M. Hilton,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

114

FARRINGTON, J.   On exceptions to the acceptance of the report of a Referee.

Under the provisions of the statutes relating thereto, Maud M. Laughlin on May 20, 1930, brought a petition before a Justice of the Superior Court alleging that apprehension existed, as to premises in Bremen, Maine, that Eugene H. Bailey and Alice S. Bailey, described in the petition, claimed some right, title or interest adverse to the petitioner's estate so that it depreciated the market value thereof, the petition praying that the respondents show cause why they should not bring action to quiet title. In their answer the respondents claimed title to a portion of the premises described in the petition which portion was described as follows: "A triangular lot of land on the westerly end of that real estate described in plaintiff's petition, beginning at a point sixty-five feet westerly from the southeast corner bound of the parcel of land described in plaintiff's petition, and in the southerly line thereof, thence westerly eight feet to the southwest corner bound in said lot of land described in plaintiff's petition; thence northerly to the northwest corner bound of said land described in plaintiff's petition; thence southerly to the point of beginning." They disclaimed "any title or interest in the remaining portion of the premises described in said petition."

By decree dated November 14, 1930, the presiding Justice ordered the said Eugene H. Bailey and Alice S. Bailey to bring an action at law against the said Maud M. Laughlin to try title to that portion of the real estate claimed by the respondents in their answer, being the triangular piece to which reference has been made and description of which has been noted above, said action to be commenced on or before the first day of February, 1931, and to be made returnable at the term of Court next to be holden at Wiscasset in and for the County of Lincoln on the first Tuesday of May, 1931.

Following this decree and order, a real action was brought by Eugene H. Bailey and Alice S. Bailey against Maud M. Laughlin returnable, as directed, to the May term of the Lincoln County Superior Court, 1931. The one who drafted the writ without doubt had in mind to describe the triangular piece as to which the decree of November 14, 1930, *supra*, was made directing the Baileys to

try title, but note the language in which this parcel in the writ is described, viz.: "A small strip on the westerly side of the premises described in plaintiff's petition, triangular in shape, and starting from the northwest corner of land of the petitioner and running southerly by land of said petitioner to the northwest corner of land of respondent, Eugene H. Bailey; then running westerly by land of the respondents eight feet to a point in line with the north line of land of said Eugene H. Bailey's said land; thence running northeasterly to the point of beginning."

Confusion as to parties in the above quoted description is taken care of by stipulation evidently following the officer's return on the writ where we find the following:

"Bailey v. Loughlin

It is specified that the word 'plaintiff' in the declaration of the plaintiffs in the present action refers to the defendant, and that the word 'petitioner' refers to the defendant in this action; and that 'respondents' refers to the plaintiffs in this action.

(Signed)  Howard E. Hall
(Signed)  Geo. A. Cowan
Attys. for plaintiffs."

That part of the description in the writ as above quoted where it says "running southerly by land of said petitioner (*defendant*) to the northwest corner of land of respondent" (*plaintiff*) clearly should have been "to the southeast corner of land of respondent." Other than this the triangular piece described in the writ is clearly the same as the triangular piece to which, in the original proceedings, title was claimed by the present plaintiffs, assuming their ownership of the triangular parcel as claimed by them.

This fact must have been in the minds of counsel when, with view to having a description sufficiently clear and accurate so that no question could be afterward raised as to what it included, they agreed to the docket entry "Motion for amendment filed and allowed." This entry is the one about which the difficulty in the instant case hinges and was made a part of the case, together with other entries on later days of the term, which provided for a reference to John W. Brackett who was to report as of the May term

by agreement, with reservation of right of exceptions as to matters of law, and with right to file pleadings "after filing of amendment allowed."

In the bill of exceptions assented to by attorney for the opposing party it was stated that it was "further and orally agreed that the amendment of *petition* (clearly referring to the writ) be actually filed with the Referee, as also the pleadings."

There seems to be no room for doubt that no amendment was actually presented to the Justice presiding at the May term. From the Referee's report it appeared that on May 23, 1931, by agreement, the case came on to be heard by the Referee under the rule of reference and that a hearing was held in Bremen, Maine, parties, counsel and witnesses being present, and that the plaintiffs then for the first time presented an amendment the effect of which was to describe a different parcel from that attempted to be described in the writ in the real action brought in accordance with the decree of the presiding Justice of November 30, *supra*, the parcel described in the amendment including substantially more land than was claimed by the Baileys in their answer in the proceedings on the original petition to remove cloud from title, a portion of it being that as to which they had disclaimed. This amendment was not allowed by the Referee, and, as is disclosed by the Referee's report, the plaintiff took exceptions to such ruling and asked to have such ruling and exceptions noted and reported for further action before the Court. As further disclosed by the report received and filed at the November term, 1931, the plaintiffs objected to hearing because of the absence of the writ and it was then mutually agreed for hearing to be continued to May 27, 1931, at a place named in Damariscotta, Maine, at which time and place a full hearing was had and the Referee decided, and so reported, that the triangular lot of land as described in the plaintiff's writ was owned by and that the title thereto was in the defendant, Maud M. Laughlin, and judgment was accordingly rendered for the defendant for the "triangular lot of land so described in the writ."

The case is before this court on exceptions to the acceptance of the Referee's report as above.

While the language of the report refers to the lot as described in

the writ, it also contains in the paragraph immediately above this statement: "Your Referee finds, decides and accordingly reports that the triangular lot of land described in the plaintiffs' writ, and shown on the plan hereto attached, is owned by and the title thereto is in, the defendant, Maud M. Laughlin."

The plan referred to was made a part of the record and on that plan is clearly delineated what is called the "disputed triangle," which is beyond question the exact triangular piece as to which the sitting Justice in the Superior Court had ordered the Baileys to try title.

We are unable to see wherein the plaintiffs are in any way aggrieved by the acceptance of the report. If the amendment offered and rejected by the Referee had been actually seen by the presiding Justice at the term of reference, and this does not appear of record and both parties in argument clearly took the view that this was not the fact, it presented a new cause of action in the guise of an amendment and could not have been allowed. This amendment presented for the first time to the Referee was clearly the introduction of a new cause of action and if it could not have been allowed by the Justice presiding, it could and should not have been allowed by the Referee, who would have no authority to allow any amendment excepting with consent of both parties, or by a statutory provision which does not exist in this State.

The case is before us in a way to afford somewhat of confusion, but, believing that the finding of the Referee was with reference to the actual triangular piece of land upon which parties had been ordered to try title and that the parties went to final hearing on that basis, and that the rejected amendment was not one which could properly have been allowed in any event, we feel that the plaintiffs' rights have in no wise been prejudiced. It is perfectly evident that counsel did not agree as to what the amendment was to be, at least no further than that there should be a description sufficiently clear to warrant understanding as to the issue. We feel that the Referee properly refused to allow the amendment as presented, and that the issue was understood and that plaintiffs were not aggrieved by the refusal or by the acceptance of the report.

The entry must be, *Exceptions overruled.*