HARLAN P. FORD

*vs.*

INHABITANTS OF TOWN OF WHITEFIELD.

Lincoln.     Opinion, October 22, 1940.

*Philip Lamb,* for plaintiff.
*Nelson & Nelson,* for defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, WORSTER, MURCHIE, JJ.

THAXTER. J.    This is an action brought for the breach of an express contract to build a road in the Town of Whitefield. According to the terms of the contract as set forth in the declaration the plaintiff agreed to furnish certain gravel and the defendant agreed to build the road. The declaration alleges that the gravel was furnished but that the defendant committed a breach of the contract by not building the road.

The referee found for the plaintiff. The defendant filed written objections to the report and exceptions were taken to the acceptance of it. The fifth objection alleges that there was no evidence produced to justify the referee's finding either on the basis of a conditional gift by the plaintiff of the gravel or on the basis of the contract as alleged.

It is apparent that the evidence does not warrant a finding for the plaintiff on an express contract. Plaintiff, however, calls attention to the following stipulation of counsel: "It is further stipulated that under the pleadings the question of whether or not plaintiff is entitled to recover either on an express or an implied contract may be determined."

It is unnecessary to decide whether the evidence would have been sufficient had the declaration been amended, for no amendment was offered. The court alone has authority to allow an amendment. *Bailey* v. *Laughlin*, 131 Me., 113, 159 A., 561. It is true that in the case cited there is an intimation that an amendment may be allowed by the referee with the consent of the parties. This language does not, however, mean that the authority for the allowance is derived from the referee. In any event the opinion does not intimate that without the filing of the amendment the parties may by agreement empower the referee to determine issues not covered by the pleadings. Orderly procedure requires that the pleadings should set out the cause of action and define the issue. The parties cannot by agreement confer jurisdiction on the referee to determine any matter which may arise between them.

This very case is an illustration of the confusion which is likely to result if we accept as proper the anomalous procedure which these parties sought to adopt. The referee to use his own language construed the stipulation to mean that "regardless of the pleadings, the referee was to pass upon the merits of the case and make such findings as the facts warranted." This is no more nor less than saying that he could make findings without any pleadings at all; and it is significant that the findings in this case do not disclose what was the basis for the judgment to be rendered or even whether it was to be founded on contract or on tort.

This court can consider only the pleadings which are set out in the record. It is clear that the evidence does not sustain the allega-

tions of the declaration and that the fifth objection to the allowance of the referee's report was properly taken.

*Exceptions sustained.*