EVERETT W. BARTLETT

*vs.*

RICHARD A. CHISHOLM AND

PHOEBE R. CHISHOLM

Cumberland.   Opinion, March 14, 1951.

*James A. Connellan,* for plaintiff.

*Benjamin L. Berman,*
*David V. Berman,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

WILLIAMSON, J.   On exceptions by defendant, Richard A. Chisholm, to the acceptance of a referee's report.   Plaintiff's action to recover a real estate broker's commission was referred under rule of court with the right to except as to matters of law.   The referee found for the plaintiff.   The

first objection sharply raises a jurisdictional question. The objection reads:

"1st. The Referee erred in ruling that the declaration could be regarded as having been amended, and further in ruling that the Plaintiff's action was not barred because there was no allegation in Plaintiff's pleadings that at the time of the transaction involved he was a duly licensed and qualified real estate broker under the Laws of Maine."

The issue is whether the referee could properly find for the plaintiff in the absence of an allegation in the declaration that the plaintiff was a duly licensed real estate broker at the time the alleged cause of action arose under the provisions of *R. S., Chap. 75, Sec. 7*, relating to the Maine Real Estate Commission, which reads so far as we are here concerned as follows:

"No person, partnership, or corporation engaged in the business or acting in the capacity of a real estate broker or a real estate salesman within this state shall bring or maintain any action in the courts of this state for the collection of compensation for any services performed as a real estate broker or real estate salesman without alleging and proving that such person, partnership, or corporation was a duly licensed real estate broker or real estate salesman at the time the alleged cause of action arose."

There is no dispute about the facts on the point at issue. The bill of exceptions seen and agreed to by the plaintiff reads as follows:

"Plaintiff's writ and declaration failed to allege that Plaintiff was a duly licensed and qualified real estate broker under the Laws of Maine. The case was tried without any objection being raised to such defect or such insufficiency. The Referee found and ruled that since amendments could have been allowed, he will regard the writ and declaration as though they had been properly amended."

The position of the referee appears from his report:

> "The action is brought in assumpsit on an account annexed and the general money counts, and issue is joined on a plea of the general issue without brief statement. The case was tried without objection being raised as to any defects in or the sufficiency of the writ and declaration. If objection had been made, any apparent defects in pleading were amendable. *Jones* v. *Briggs,* 125 Me. 265; *Mansfield* v. *Goodhue,* 53 A. (2nd) 264. Amendments could have been allowed as provided in R. S., Chap. 100, Sec. 95. See *Benson* v. *Newfield,* 136 Me. 23, 33."

On direct examination the plaintiff testified:

> "Q. And are you a licensed real estate broker?
>
> A. Yes."

On cross examination the critical fact of a license at the time the alleged cause of action arose in March 1949 was brought out from the plaintiff as follows:

> "Q. How long have you been a real estate broker?
>
> A. Well, now, of that I am not absolutely positive but I think it is four years I have had a broker's license and either one or two years as a salesman of real estate."

The argument of the defendant that "there was no understanding that plaintiff was a licensed broker" or in other words that the case was not tried on the theory that the plaintiff had the required license is without merit. Proof of the fact was made without objection and the fact served no useful purpose except to establish a statutory requirement. It is the allegation, not the proof, which is defective.

This is the third case to come before us in which a real estate broker has failed to make the allegation required by statute. *Gerstian* v. *Tibbetts,* 142 Me. 215, 49 A. (2nd) 227, arose upon exceptions to a nonsuit granted upon the

merits. The court overruled the exceptions both on the merits and for lack of the allegation. The court said, page 220:

"If the fact that the plaintiff had a license is considered proved, it is not alleged. The very jurisdiction of the Court depends upon *both* allegation and proof."

In *Mansfield* v. *Goodhue,* 142 Me. 380, 53 A. (2nd) 264, upon the sustaining of a demurrer, the defect in the allegation was cured by amendment. A second demurrer by the defendant on the ground that the defect was not amendable was overruled. Our court in sustaining the decision said on page 382:

"Assuming that such allegation does involve the right of the court to consider the case, yet there is no reason why the failure to allege such fact may not be cured by amendment. It may be true that a court without jurisdiction has no authority to allow an amendment. Yet if a court has jurisdiction of the subject matter, it may in such a case as this allow an amendment to perfect the jurisdiction on the record."

The *Gerstian* and *Mansfield* cases stand for the principle that the allegation required by statute must appear of record. There has been no curative amendment in the case at bar. The pleadings are fatally defective, and hence the exceptions must be sustained.

It is urged that the pleadings are to be regarded as though properly amended. No objection was raised to the defect in or sufficiency of the pleadings at the trial before the referee. An amendment could have been, and no doubt would have been allowed, had the procedures required by *R. S., Chap. 100, Sec. 95,* relating to amendments in referred cases, been followed. See *Ford* v. *Whitehead,* 137 Me. 125, 15 A. (2nd) 857, decided shortly before the statute was first enacted in 1941.

Our attention is directed to *Jones* v. *Briggs,* 125 Me. 265, 132 A. 817, and *Benson* v. *Newfield,* 136 Me. 23 at 33, 1 A. (2nd) 227, which illustrate the cure of mere defects in pleadings by verdict and the treatment of pleadings on an "as if amended" basis when variance appears between allegation and proof. See also *Clapp* v. *Cumberland County Power and Light Co.,* 121 Me. 356 at 359, 117 A. 307; *Cyr* v. *Landry,* 114 Me. 188 at 196, 95 A. 883; *Wyman* v. *Shoe Finding Co.,* 106 Me. 263, 76 A. 483.

Such cases, however, do not touch upon the situation when jurisdiction is at stake. The court did not consider the "as if amended" rule applicable in the *Gerstian* case, *supra,* although no objection to the pleadings appears to have been raised by counsel at any stage of the case. In the *Jones* case, *supra,* the court said on page 266:

> "An action at law is not to be dismissed for mere defects in pleading that are amendable or may be cured by verdict if it appears that the court has jurisdiction and the plaintiff has stated a good cause of action."

In our view the allegation required by the statute must be made of record in fact. The statute does not read that on proof of the license in a case fairly tried and without surprise the allegation may be considered as if in fact made upon the record. Such a construction would fail to give effect to the meaning and the intent of the statute.

We may regret that the decision of the referee cannot be considered on the merits, but must be set aside for lack of a few appropriate words in the pleadings. The law here applicable, however, is found in the Act of Legislature which defined and limited the plaintiff's right to bring and maintain his action. Neither the parties nor the court can waive its provisions. It is not necessary that we pass upon the remaining objections.

The entry will be:

*Exceptions sustained.*